Hardy Oil Company et al. v. James Henry Burnham et al.

Decided December 20, 1909.

### 1.—Heirship in 1835.

Under the law in force in Texas in 1835 the interest inherited by an infant from its deceased mother in the community estate of the father and mother, passed wholly to the surviving father, and not one-half to him and one-half to the surviving brothers and sisters.

### 2.—Evidence—Pedigree—Comparative Weight.

The issue being whether three or four children survived their mother who died in 1835, held that the testimony of one of the children, who was six or seven years old at the time an infant sister was alleged to have been born and died, affirming the fact of the existence of such infant, was more trustworthy than the testimony of a grandson who was not born until ten years after the alleged date of the death of said infant, and whose knowledge of the family history was acquired from others many years after the occurrence, denying the existence of such infant.

### 3.—Community Property—Existence of Heirs—Notice.

Under the doctrine laid down in Hill v. Moore, 85 Texas, 339, the recitation in an application for a grant of a league of land in 1833, to the effect that the applicant and grantee was a married man, was notice to all purchasers from or under him however great the lapse of time that the land was community property of the grantee and a then living wife, and was sufficient to put such purchasers upon inquiry as to the death of the wife and the existence and rights of her heirs; and in such case a subsequent purchaser could not rely on the presumption that his predecessors in the title had made such inquiry as was required to rebut the presumption of notice. Each intending purchaser should make enquiry for himself.

### 4.—Limitation—Three Years Statute.

A conveyance of community property by a surviving husband is not sufficient to support a claim of title or color of title under the three years statute of limitation as against the heirs of the deceased wife.

### 5.—Receiver—Appointment in Real Actions.

It is essential to the proper exercise of the power to appoint a receiver in actions for the recovery of real estate or an interest therein, before final hearing, that the person seeking such relief must show that he will probably succeed in establishing his right upon a final hearing. Pleading and affidavit considered, in an application for the appointment of a receiver for oil producing land, and held insufficient to show that plaintiff's title was not lost by reason of the five years statute of limitation plead by defendant.

### 6.—Limitation—Five Years—Possession under Larger Enclosure.

So far as title under the statute of limitation of five years is concerned, it is not affected by the fact that the defendant's possession is held by enclosure of the land in controversy along with other land in a larger inclosure, whatever the size of the enclosure might be.

### 7.—Same—Adverse Possession—Notice.

Parties claiming an interest in a tract of land will be charged with notice of the fact that their land is included within a larger enclosure and is in the actual and exclusive possession of the owners of the larger enclosure; and when an inquiry would necessarily lead to a knowledge that such owners had deeds thereto duly recorded and were paying taxes thereon, the claimants will not be heard to plead ignorance of the facts, notwithstanding their nonresidence and actual ignorance, and in due time they will be barred by the five years statute of limitation.

**8.—Receivership—Many Defendants and Various Interests.**

Even though it is not made to appear that any of the defendants are insolvent, still, when it does appear that there are a great many of them, corporations and others, many nonresidents of the State, holding and claiming various interests in the land in controversy, the appointment of a receiver might be a proper proceeding for the protection of an adverse claimant, but the claimant might also be sufficiently protected and the appointment of a receiver prevented by the execution of a bond by the defendants conditioned to account to the claimant for his interest in the revenues from the land as his interest might appear on final hearing.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

W. W. King, S. R. Perryman, Gaines & Corbett, Baker, Botts, Parker & Garwood, Robt. A. John and Lane, Jackson, Kelley & Wolters, for appellants.—Upon the death of the unnamed infant of Henry Parker in 1835 he inherited said child's entire interest, if any, in the land in controversy. Schmidt's Civil Law of Mexico, arts. 1230, 1235, 1236 et seq.; 1 White's Land Laws of California, Oregon, etc., 116; Hardy v. Hanson, 82 Texas, 102.

The trial court was without power to appoint a receiver at the suit of plaintiffs claiming an undivided interest in land under equitable title, against defendants in possession holding the legal title. Hill v. Moore, 62 Texas, 610; Wren v. Peel, 64 Texas, 380; Edwards v. Brown, 68 Texas, 329; Ross v. Kornrumpf, 64 Texas, 394; Patty v. Middleton, 82 Texas, 586; Hensley v. Lewis, 82 Texas, 595; Stiles v. Japhet, 84 Texas, 91; Daniel v. Mason, 90 Texas, 240; Sparks v. Taylor, 99 Texas, 411; Davidson v. Green, 27 Texas Civ. App., 394.

On power to appoint a receiver: Harris v. Hicks, 13 Texas Civ. App., 138; Sengfelder v. Hill, 58 Am. St. Rep., 36; Freer v. Davis, 94 Am. St. Rep., 910; High on Receivers, 13; Thompson v. Diffenderfer, 1 Md. Ch., 489; Kipp v. Hanna, 2 Bland Ch., 31; Davis v. Taylor (Ga.), 12 S. E., 881; Rollins v. Henry, 77 N. C., 467; Lenox v. Notrebe, Hempst., 225; Overton v. Memphis & L. Ry. Co., 3 McCr., 436.

Defendants having the legal title, and they and their predecessors in title having long asserted and exercised active ownership by possession, cultivation, use and enjoyment, and by the payment of taxes, and the plaintiffs having, for more than seventy years, failed to assert their equitable rights, if any they had, their demand has become stale, and they can not recover. Montgomery v. Noyes, 73 Texas, 203; Browning v. Pumphrey, 81 Texas, 168, and authorities there cited; Wichita Land & Cattle Co. v. Ward, 1 Texas Civ. App., 311; French v. Koenig, 8 Texas Civ. App., 345; League v. Henccke, 27 S. W., 1050.

It is distinctly proved by the affidavit of A. Vanham that when he and Jos. Vanham purchased this property from W. E. Parker, they paid him twenty-five hundred dollars in cash, and that they had no notice or knowledge of the family history of Henry Parker; that they did not know, independently of the grant, that Henry Parker was a married man, and did not know that such grants were made only to married men; that they did not know anything about the

death of his wife, or that she was dead, or that she left any children surviving her, and under these facts the said Vanhams were innocent purchasers for value without notice, so as to pass the title to them to the exclusion of any secret or equitable claims existing on behalf of the plaintiffs or those under whom they claimed. Cooke v. Bremond, 27 Texas, 460; Stiles v. Japhet, 84 Texas, 95; French v. Strumberg, 52 Texas, 109, 110; Kirk v. Houston D. Nav. Co., 49 Texas, 215; Veramendi v. Hutchins, 48 Texas, 551; Wallace v. Campbell, 54 Texas, 89; Cline v. Upton, 56 Texas, 322; Kirby v. Moody, 84 Texas, 202; Oppenheimer v. Robinson, 87 Texas, 177.

It appearing upon the record that the title had passed down to the defendants with substantial regularity from persons having the apparent right to convey, the burden was upon the plaintiffs to allege and prove that the defendants, and those under whom they claim, purchased said lands with notice of plaintiffs' rights, if any they had. Halbert v. DeBode, 15 Texas Civ. App., 629, 630, and cases there cited; Saunders v. Isbell, 5 Texas Civ. App., 515; Wallis, Landes & Co. v. DeHart, 108 S. W., 181, and cases there cited.

In the absence of any allegation or proof that defendants had knowledge or notice to the contrary, the defendants, in acquiring their title, had a right to presume, and will be protected by the presumption, that Henry Parker's wife, living when the grant was made to him, was also living when he deeded the land to W. E. Parker, especially in the absence of any claim by anyone under her until seventy years after her death. Ballard v. Carmichael, 83 Texas, 369; Chicago & A. R. Co. v. Keegan (Ill.), 56 N. E., 1090; Executors of Clarke v. Canfield, 15 N. J. Eq., 119.

The court erred in appointing a receiver, because, if the recitals in the original grant to Henry Parker were sufficient to put the purchaser of the title under him upon inquiry, the subsequent purchasers, that is to say, the defendants, after the lapse of forty years, had the right to presume that all necessary inquiries were made by their predecessors in title without avail. Veramendi v. Hutchins, 48 Texas, 531; Mueller v. Engeln, 12 Bush (Ky.), 444; United States v. Beebee, 17 Fed., 36; Boggs v. Varner, 6 W. & S., 472.

The court erred in appointing a receiver, because the plaintiffs failed to show probable title in themselves to any part of said league of land, because after the lapse of so great a length of time (about seventy-three years) the defendants, purchasers from and under the said Henry Parker, had a right to presume that the said Henrietta Parker, if she was the wife of said Henry Parker, authorized her husband to convey, or that she was still living at the time of her husband's conveyance, or that she left no children or descendants of children, or if she did leave any, they authorized the said Henry Parker to convey said league, or that they received their part of the purchase money and ratified the conveyance, or that they received from the said Henry Parker's estate their full distributive share. Veramendi v. Hutchins, 48 Texas, 531; Herman v. Reynolds, 52 Texas, 395; Smith v. Olsen, 23 Texas Civ. App., 458; McBride v. Moore, 37 S. W., 450; Texas Loan Agency v. Taylor, 88 Texas, 47; Derrett v. Britton, 35 Texas Civ. 485; Wallis, Landes & Co. v.

Dehart, 108 S. W., 181; Lyster v. Leighton, 36 Texas Civ. App., 62; Hall v. Gwynne, 4 Texas Civ. App., 109; Pouncey v. White, 76 Texas, 565; Mangum v. White, 16 Texas Civ. App., 254; Summerhill v. Darrow, 94 Texas, 71.

Plaintiffs' claims are all barred by the statute of limitations of three years, and they, therefore, fail to show probable title to any of the land. Rev. Stats., arts. 3340, 3341; Smith v. Power, 23 Texas, 34; Pearson v. Burditt, 26 Texas, 172; League v. Rogan, 59 Texas, 431; Charle v. Saffold, 13 Texas, 109; Downs, v. Porter, 54 Texas, 62; Williamson v. Simpson, 16 Texas, 444; Grigsby v. May, 84 Texas, 248, 249.

The court erred in appointing a receiver to take possession of said league of land from the defendants, who were rightfully and lawfully in possession, because the plaintiffs failed to show probable title in themselves to any part of said league, in this, that it appears from the undisputed evidence that the defendants, and those whose estate they have, claiming the same under deeds duly registered, have had peaceable, continuous, uninterrupted and exclusive adverse possession of the lands and tenements claimed in plaintiffs' petition, cultivating, using and enjoying the same, and paying all taxes due thereon, for a period of more than five years before the commencement of this suit, and, therefore, plaintiffs' claim is barred by the statute of limitation of five years. Rev. Stats., art. 3342.

Article 3346, limiting the quantity of land that may be claimed by adverse possession to five thousand acres, unless certain other conditions are complied with, does not apply to article 3342, or what is known as the five years statute. Rev. Stats., art. 3346; Dunn v. Taylor, 102 Texas, 80.

The court erred in appointing a receiver, because this being a suit for partition of land against a number of defendants, several of whom are nonresidents of this State, the plaintiffs had an adequate remedy at law for the protection of their interest, if any, in said league of land, by and under the statutory provision for sequestration. Rev. Stats. art. 4864, subd. 7; American Tribune New Colony Co. v. Schuler, 34 Texas Civ. App., 560.

It is error to appoint a receiver at the suit of tenants in common, claiming a one-fifth interest, against the other tenants in possession, in the absence of allegations and proof of insolvency. Erskine v. Forest Oil Co., 80 Fed., 583; California Oil Co. v. Miller, 96 Fed., 12.

*Baldwin & Christian, Devlin & Devlin* and *Linn, Conger & Austin,* for appellees.—Inasmuch as the land in controversy was granted to Henry Parker, as a married man, upon his application to the government, in which he states he was a married man; and, inasmuch as the title was granted to him as such, this was sufficient to pass to Henry Parker and his wife the legal title to the land, each holding an undivided one-half thereof; and, inasmuch as the appellees deraign their title through one of the children of Henry Parker's deceased wife, appellees are the owners of the legal title to this undivided interest, which was 21/96 of the entire league. Grigsby

v. May, 84 Texas, 240; Cole v. Grigsby, 89 Texas, 223; Wiess v. Goodhue, 98 Texas, 280.

The recital, in Henry Parker's application for his league of land, that he was a married man, and the recitals, in the grant to him, that he had proven himself to be a married man, were sufficient to reveal to the appellants, and those through whom they claim, the appellees' interest in the land, and to put them upon notice of the fact that Henry Parker was a married man, as well as of the interest of his wife and her children in the Henry Parker league, and appellants, and those through whom they claim, could not be innocent purchasers for value without notice. Same authorities as above, and Hill v. Moore, 85 Texas, 338.

The claim of appellees to that portion of the Henry Parker league upon which the oil field is located, and which was placed in the hands of a receiver, is not barred by the statute of limitation of either five or ten years: Veramendi v. Hutchins, 48 Texas, 531; Dunn v. Taylor, 42 Texas Civ. App., 242; Richards v. Smith, 67 Texas, 610; Gunter v. Meade, 78 Texas, 638; Kane v. Sholars, 41 Texas Civ. App., 159.

The question of ouster is a question of fact, and the trial court found this fact against the appellants. Stubblefield v. Hanson, 94 S. W., 409; Portis v. Hill, 3 Texas, 279; Alexander v. Kennedy, 19 Texas, 493; Fuentes v. McDonald, 85 Texas, 136.

Appellees, being the legal owners of an undivided 21/96 of the Henry Parker league, and appellants having failed to show either limitation or that they were innocent purchasers for value without notice, and it having been admitted by them that a part of the land in question is an oil field, and that they were extracting oil therefrom and selling the same, at ridiculously low prices, under a long term contract, without accounting to appellees· for any part thereof, entitled appellees to have a receiver appointed. West v. Herman, 47 Texas Civ. App., 131; Shaw v. Shaw, 51 Texas Civ. App., 55; Merrill v. Moore, 47 Texas Civ. App., 200.

Appellees having clearly established, by undisputed proof, on the hearing hereof, their fee simple legal title to an undivided 21/96 interest in and to the Henry Parker league, as well as that they would probably recover said interest, or a part thereof, on the final hearing hereof; and it being further shown, from the undisputed testimony, that a portion of said league is oil land, and that the appellants, tenants in common with appellees, were in actual possession of said entire league, to the exclusion of the appellees, the trial court was fully authorized and justified in appointing a receiver to take charge of such portion of said Parker league as might be oil territory. Hill v. Moore, 85 Texas, 338; Caruth v. Grigsby, 57 Texas, 259; Grigsby v. May, 84 Texas, 240; Cole v. Grigsby, 89 Texas, 223; Veramendi v. Hutchins, 48 Texas, 531; Thompson v. Cragg, 24 Texas, 582; Wiess v. Goodhue, 98 Texas, 280; Randolph v. Junker, 1 Texas Civ. App., 517; Hall v. Gwynne, 4 Texas Civ. App., 109; Speer on Law of Married Women, sec. 395.

On the question of ouster: Kirby v. Hayden, 44 Texas Civ. App.,

207; New York & Texas L. Co. v. Hyland, 8 Texas Civ. App., 601; Veath v. Gilmer, 111 S. W., 747; Hamilton v. Steele, 117 S. W., 380; Ball v. Palmer, 81 Ill., 370; Squires v. Clark, 17 Kansas, 84; Chandler v. Ricker, 49 Vermont, 128; Roberts v. Morgan, 30 Vermont, 319; Parker v. Proprietors, 44 Mass., 91, 37 Am. Dec., 121; Newell v. Woodruff, 30 Conn., 492; Porter v. Hill, 9 Mass., 34, 6 Am. Dec., 22; Sims v. Dame, 113 Ind., 127, 15 N. E., 217; 1 Cyc. of Law & Pro., 1078-1080.

On stale demand: Storer v. Lane, 1 Texas Civ. App., 250; New York & Texas L. Co. v. Hyland, 8 Texas Civ. App., 601; Kirby v. Hayden, 44 Texas Civ. App., 207; Murphy v. Welder, 58 Texas, 241.

On question of partition: Thornton on Law Relating to Oil and Gas, secs. 36, 277 and 300; Am. & Eng. Ency. Law, 2d ed., pp. 1009, 1052, 1053 and 1054.

In view of the fact that the petition of Henry Parker to the established government for a league of land showed upon its face that he was a married man, and, as such, was entitled to a league of land; and, in view of the further fact that the title issued to Henry Parker was made to him as a married man, and because of the fact that he was a married man, these facts made the league of land community property of Henry Parker and his wife, Henrietta Parker, and the legal title to an undivided one-half of said league vested in Henry Parker, and the legal title to the remaining one-half vested in Henrietta Parker. This being the situation, all persons purchasing from Henry Parker or claiming through or under him, were charged with notice of the fact that the league of land was community property, and that Henry Parker only had the right to convey one-half thereof, and were put upon inquiry as to whether or not Henrietta Parker was dead, as well as whether or not she left children, and appellants can not, in the face of the recitations in this petition and title, claim to be purchasers for value without notice, and it matters not what A. Vanham may swear that he did or did not have notice of, for the reason that all persons were charged, as a matter of law, with notice of the claim of appellees. Hill v. Moore, 85 Texas, 338; Cole v. Grigsby, 89 Texas, 223; Grigsby v. May, 84 Texas, 255, and authorities hereinbefore cited.

Inasmuch as the legal title to the interest claimed by appellees has been vested in them, and those through whom they claim, ever since the Henry Parker league was titled to Henry Parker; and inasmuch as Henry Parker could convey no right, legal or equitable, to any part of the interest of appellees; and inasmuch as appellants, and those through whom they claim, were charged with notice of the claim of appellees, the appellants, and those through whom they claim, have no title or color of title to the undivided interest of appellees or any part thereof, and can not successfully plead as a matter of defense to appellee's suit the statute of limitation of three years, even though the proof in this case should show that the requirements of said statute have been complied with by appellants and those through whom they claim, all of which appellees strenuously deny. Cole v. Grigsby, 89 Texas, 229; Grigsby v. May, 84 Texas, 240; Veramendi v. Hutchins, 48 Texas, 531; Thompson v. Cragg, 24

Texas, 582; Beale's Heirs v. Johnson, 45 Texas Civ. App., 119; Broom v. Pearson, 98 Texas, 469.

Inasmuch as appellees, and those through whom they claim, have all been nonresidents of the State of Texas continuously since about the year 1853, and never knew or heard of any adverse claim by appellants or those through whom they claim until a few weeks prior to the institution of this suit; and inasmuch as appellees and those through whom they claim and appellants and those through whom they claim are tenants in common, and inasmuch as the proof made in this case does not show or tend to show an ouster, actual or constructive, of appellees and those through whom they claim; and inasmuch as the undisputed proof shows that the Henry Parker league was a part of a great open range of many times five thousand acres in extent, including lands of various individuals as well as State school lands; and inasmuch as appellants and those through whom they claim showed no such use, possession and enjoyment of the Parker league as would enable them to successfully plead either the five or ten years statutes of limitation as a bar to appellees' suit, even though entitled to plead the same, the appellees showed probable title in themselves to an undivided interest in said Parker league, and the court acted properly in appointing a receiver. Flack v. Bremen, 45 Texas Civ. App., 473; Kent v. Cecil, 25 S. W., 715; Pendleton v. Snyder, 5 Texas Civ. App., 429; Murphy v. Welder, 58 Texas, 241; Fuentes v. McDonald, 85 Texas, 132; Whitehead v. Foley, 28 Texas, 291; Tarlton v. Kirkpatrick, 1 Texas Civ. App., 107; Cunningham v. Frandtzen, 26 Texas, 34; Chandler v. Rushing, 38 Texas, 591; 1 Cyc. Law & Pro., 1129; Sayles' Annotated Civ. Stats., art. 3346.

Inasmuch as the land involved in this suit is chiefly valuable as oil land; and inasmuch as appellees showed probable title in themselves to an undivided interest in said land; and inasmuch as a receiver may be lawfully appointed upon ex parte hearing upon the application of plaintiff without notice to the defendant, whether he be a resident or nonresident of the State of Texas; and inasmuch as the appointment of a receiver in this case was not purely an equitable remedy, the trial court acted properly in appointing a receiver herein, and appellees were not confined to the remedy of sequestration. West v. Herman, 47 Texas Civ. App., 131; Merrill v. Moore, 47 Texas Civ. App., 200; Shaw v. Shaw, 50 Texas Civ. App., 363; Shaw v. Shaw, 51 Texas Civ. App., 55; Cotton v. Rand, 92 S. W., 267; Stone v. Stone, 18 Texas Civ. App., 80; Rev. Stats., art. 1465.

REESE, ASSOCIATE JUSTICE.—This is an appeal from an interlocutory order appointing a receiver, on petition of appellees, of certain land in Matagorda County embracing an oil field upon which appellants were operating. Appellees, sole heirs of Emily Louise Burnham, sued in trespass to try title and for partition, claiming to be owners of 21/96 of the Henry Parker league, and alleged that defendants, of whom there was a large number, many of them nonresident corporations, were engaged in taking oil from the land and disposing of the same, and alleged certain facts which it was claimed

rendered an injunction and the appointment of a receiver necessary. The petition was presented to the judge of the 23d judicial district, who set the application down for hearing, and ordered that notice be given to the defendants, which was done. Afterwards the matter came up for hearing at a regular term of the District Court of Matagorda County, upon the petition, answers of defendants, and affidavits in support of each. The court appointed a receiver with certain powers, not necessary to be here specially set out further than to say that he was authorized to take charge of 21/96 of the output of the oil field, and to keep or dispose of the same, and to keep a strict account of oil produced. From this order the defendants appeal.

The facts established by the affidavits and record evidence with regard to the title of the respective parties are, briefly, as follows:

The Parker league was granted to Henry Parker, as his headright, by the government of Coahuila and Texas on February 5, 1833. Both in the grant and in the application therefor it is stated that Parker was at the time a married man. His wife was Henrietta Parker, who died in 1835. There survived her, her said husband, Henry Parker, and four children, W. E., F. A., Emily Louise, ancestress of appellees, and an infant, never named, who survived the mother only about four or five weeks. F. A. died unmarried and without issue in 1867. Emily Louise married James G. Burnham and died in 1859 intestate, and appellees are her sole heirs. In 1866 Henry Parker, who died in 1869, conveyed to his son, W. E. Parker, the league of land in controversy. W. E. Parker sold and conveyed it to Vanham in 1899. From Vanham it has passed by various mesne conveyances to the appellants, who are in possession of same, some of them claiming title in fee, and some leasehold interests, most of them being engaged in producing oil, which was discovered on a part of the league in 1908. The suit was filed October 15, 1908, shortly after such discovery.

It will be seen that appellees' claim rests upon the fact that the land was community property of Henry Parker and his wife, Henrietta; that upon the death of the said Henrietta her one-half passed to her children, and that the interest of Mrs. Burnham, one of the children, was not affected by the subsequent sale of the entire league by Henry Parker, but now belongs to appellees, her heirs. Appellants claim to be innocent purchasers without notice of the adverse title here asserted, and also set up title under the three, five and ten years statutes of limitation, and stale demand, supporting such claim by affidavits in opposition to the appointment of a receiver.

The court was in error in holding, as was practically done in the powers given to the receiver, that appellees' interest in the land was 21/96 thereof. This error was caused by not giving consideration to the fact that when the unnamed infant child of Henry Parker and wife died in 1835, under the law then in force, the share of such child in the mother's estate passed wholly to the surviving father, and not, as under our statutes of descent and distribution, one-half to him and one-half to the surviving brothers and sisters. (Schmidt Civil Law of Mexico, arts. 1230-1235 et seq.; Hardy v. Hansom, 82 Texas, 102.) That this is the law is not denied by appellees, but

they seek to avoid the effect of it by the contention that the court was authorized by the evidence to find that upon the death of Mrs. Parker she only left three children, W. E., F. A. and Mrs. Burnham. In the face of the positive statement in the sworn petition, based, in so far as it related to the family history as stated in the affidavit, upon reliable information, and the affidavit of W. E. Parker, one of the children, introduced by appellees in support of their claim, in both of which it is positively stated that Mrs. Parker left four children, and particularly stated that one of them was an infant never named, who survived the mother only four or five weeks, the mother in fact dying in child-birth, a contrary conclusion, based only upon the statement of one of the plaintiffs, a grandson born ten years after the death of this child, that there were only three children, this contention can not be sustained. W. E. Parker, who was six or seven years old when this infant sister was born and died, could not be mistaken, while the grandson, all of whose knowledge of the family history was gained from others many years after these occurrences, might very well be. His informant may very well have forgotten the existence of this unnamed infant whose life was so brief. No other conclusion can be supported by the evidence of appellees than that there were four children as stated in the petition. Under this finding their interest, if any, would not be more than 5/32, and in no event should the power of the receiver have been extended further than necessary to protect this interest instead of 21/96 claimed by appellees. The first assignment of error presenting this objection to the decree must be sustained, but of itself would not require more than a modification of the order, and the taxation of the costs of the appeal against appellees.

Under the assignments of error from two to eight inclusive and propositions thereunder, objection is made to the order appointing the receiver, that plaintiffs had failed to show probable title to any interest in the land, upon several grounds separately set out. As we have concluded that the judgment appealed from should be reversed upon the ground set out in the ninth assignment, a full discussion of these assignments from two to eight will be pretermitted. We are constrained to follow the doctrine, which we understand to have been laid down by the Supreme Court in Hill v. Moore (85 Texas, 339), and to hold that the statements and recitations in the grant to Henry Parker were notice to all purchasers from or under him that the land was community property of himself and a then living wife, and this was sufficient to put such purchasers upon inquiry as to the death of the wife and the existence and rights of her heirs and affect them with notice of the true facts with regard to such matters, which could only be rebutted by showing that such inquiry was prosecuted with reasonable diligence and failed to disclose these facts. There was no evidence of such inquiry by any of the subsequent purchasers. None of them could rely upon the presumption that his predecessors in the title had made such inquiry as was required to rebut the presumption of notice.

The existence of the outstanding title in Mrs. Parker's heirs was a bar of any claim of appellants that they had title or color of title

to the interest claimed by appellees, under the three years statute of limitation. (Veramendi v. Hutchins, 48 Texas, 531; Cole v. Grigsby, 89 Texas, 229; Thompson v. Cragg, 24 Texas, 582.) This would logically follow from the holding that the title to Mrs. Parker's half interest descended at her death to her children, and that there was left to Henry Parker no right to dispose of the same, except upon such conditions as are shown not to have existed in this case.

We will not enter upon any discussion of the question of the nature of the title of Mrs. Parker under the grant or of the title which descended to appellees, whether legal or equitable. The reports are full of conflicting statements upon this proposition. At all events, so far as this case is concerned, we think that it makes no difference whether it be called legal or equitable. (Edwards v. Brown, 68 Texas, 331; Wiess v. Goodhue, 98 Texas, 280.) If it be an equitable title, with the result that appellees would have the burden of showing notice to the purchasers of the legal title under the deed from Henry Parker, such burden was fully met by the recitals in the grant. Indeed, in Hill v. Moore, *supra,* it was held that it was fully met by the naked fact that the grant was for a league of land, which in that case was held to affect the purchaser from the husband with notice that the land was community, of the death of Mrs. Parker, of the existence of children of the marriage, and of every other fact necessary to protect appellees against appellants' claim, in the absence of evidence showing that such inquiry as a prudent man ought to have made had failed to develop the facts as they are shown to have existed. The distinction that appellants seek to make between that case and the one presented here, arising from the fact that in the present case there was much greater lapse of time between the date of the grant and the deed from Henry Parker conveying the entire league, but adds force to that case in its application to this, in that the great lapse of such time in the present case only increased the probability of Mrs. Parker's death between the issuance of the grant in 1833 and the conveyance by Henry Parker in 1866, and called for more diligent inquiry and greater caution on the part of purchasers under that title.

In so far as the defense of stale demand is concerned, we think that question as here presented is foreclosed by the following authorities: Duren v. Houston & T. C. Ry. Co., 86 Texas, 291; New York & Texas Land Co. v. Hyland, 8 Texas Civ. App., 601; Sleicher v. Gutbrod, 34 S. W., 657; Mason v. Bender, 97 S. W., 715; Tinsley v. Magnolia Park Co., 96 Texas, 364; Trinity Lumber Co. v. Pinckard, 4 Texas Civ. App., 671; Owens v. N. Y. & Texas Land Co., 11 Texas Civ. App., 284; Lockridge v. Corbett, 31 Texas Civ. App., 682; Betzer v. Goff, 35 Texas Civ. App., 408; Lyster v. Leighton, 36 Texas Civ. App., 62, and many others.

We have carefully examined the aforesaid assignments of error and the various propositions thereunder and they are severally overruled.

The ninth assignment presents the objection that under the evidence as presented at the hearing upon the defense of limitation under the statute of five years, it did not appear that appellees had

probable title, and that therefore on this ground the court erred in appointing a receiver. Under all the authorities upon this question, both reported cases and statements of the law in text writers, it seems to be essential to the proper exercise of the power to appoint a receiver in actions for the recovery of real estate or an interest therein such as the present one, before final hearing, that the persons seeking such relief must show that they will probably succeed in establishing their right upon a final trial. It is stated in High on Receivers that "the relief will be granted only when there is a strong probability of recovery." Such relief is limited, according to Beach on Receivers to cases where "the plaintiff's right is so clear that there is reasonable possibility of his success." (High on Receivers, secs. 556-7, p. 543; sec. 558, p. 545; Beach on Receivers, p. 481; Cofer v. Echerson, 6 Iowa, 502; Chicago & A. O. & M. Co. v. U. S. Petroleum Co., 57 Pa. St., 83.)

That this is the law as applicable to this case does not seem to be denied by appellees. If we refer to our statute on the subject of the appointment of receivers this seems to be recognized as the rule. (Sec. 1, art. 1465, Rev. Stats.) Independently of the evidence introduced by appellants in support of their plea of title under the statute of limitation of five years, it is, we think, not to be disputed under the principles of law herein stated, that appellees showed at least a probable title to the interest claimed by them, such as to authorize, in connection with the other facts pleaded and proved, the appointment of a receiver, and their case is not rebutted by the showing made by appellants in support of their defenses, except as to that of five years limitation. We are not deciding an appeal from a final judgment in favor of appellees on their title, and do not desire to go further than is absolutely necessary in passing upon the rights of the parties as involved in this appeal, but the question of the probable title of appellees and their right to recover, as presented by the whole record, is before us and must be decided. It is essential to the proper determination of this appeal.

We have examined very carefully the affidavits presented by appellants, of which there are quite a number, all tending to show, or showing with positiveness, the possession for five years before suit filed of the league of land by appellants and their predecessors in title under deeds duly recorded, of the entire league, accompanied by payment of taxes; in short, such possession as will bar appellees' right. If the rebutting affidavits had contradicted the possession as it is set up by appellants we would not disturb the conclusion of the trial court upon such contradictory statements. But we do not think the statements of appellants' witnesses are in fact contradicted upon the essential facts by those of appellees' witnesses whose statements are directed to actual settlement upon and enclosure of the Parker league or a part thereof to itself, and they do not deny the enclosure of the league in a large pasture (of probably 30,000 acres) under the exclusive control of appellants and their predecessors in title, and used by them for pasturing their cattle. The whole case as presented by the record leaves little doubt that it was not thought necessary by appellees, nor by the learned trial judge, to rebut the case

of appellants resting upon such possession. The hearing was had January 5, 1909. At that time the learned trial judge and the appellants may very well have been under the impression that the Act of 1891 (art. 3346, Sayles' Revised Statutes), applied to the claim of limitation resting upon five years possession, as was in fact stated by the court in Flack v. Bremen, 45 Texas Civ. App., 473, in which writ of error was refused, and by the Court of Civil Appeals of the Fourth District in Kent v. Cecil, 25 S. W., 715, and probably in other cases. The case of Dunn v. Taylor was decided by the Supreme Court on November 11, 1908, and did not appear in the published volumes of the Southwestern Reporter until after the hearing in this case, and we are led to believe that the hearing was had without regard to the law as laid down in that case, that in so far as title under the statute of limitation of five years is concerned it is not affected by the fact that the defendants' possession is held by enclosure of the lands claimed along with others in an enclosure of any size, the size of the enclosure having nothing to do with the question. (Dunn v. Taylor, 102 Texas, 80.) In the Act of 1891 there were certain exceptions having relation to cultivation or enclosure to itself of part of the tract held under enclosure of 5000 acres or more, and the affidavits of appellees' witnesses upon this point seem to be particularly directed to the matter of showing that there was no such cultivation or separate enclosure of the Parker league as would bring it under the exceptions of the statute, and not to a rebuttal of appellants' showing of the enclosure of the Parker league in a pasture of more than 5000 acres along with other lands, all under the exclusive control of appellants' vendors and used for pasturage of their cattle.

Eliminating the exception in the statute as to enclosure of 5000 acres, which has no application, it can not be said, from the case made out, that appellees' right to recover is probable, in view of the defense of five years adverse possession under the statute. The statements of appellees' witnesses that the whole country, including the Parker league, was an open range, is not inconsistent with the fact that the league was enclosed in a 30,000-acre pasture, with no fences separating the Parker league from the balance of the land.

The case is not analogous to one of unenclosed land upon which the claimant pastures his cattle. Pasturing the owner's cattle upon land enclosed for that purpose and under his exclusive control, is such use and enjoyment of it as would be sufficient under the five years statute.

Nor do we think that the appellants can be held to have been in joint possession with appellees as tenants in common, so as to prevent the running of the statute, notwithstanding the rather extraordinary statement of W. E. Parker that he did not hold or claim in opposition to the claim of Mrs. Burnham. Henry Parker conveyed to him the whole league, he in turn sold and conveyed the whole league to Vanham, and all the subsequent vendees in appellants' chain of title dealt with the whole league without the slightest recognition of Mrs. Burnham's title or that of appellees. They paid taxes on the entire league, and not until the discovery of oil on the land

in 1908 was there a whisper of appellees' claim. The possession of appellants was an ouster of appellees of which the various deeds, payment of taxes, and actual possession afforded ample notice. Their claim of the entire league was open and notorious.

Appellants were in actual and exclusive possession by their enclosure of the land. By this, of which appellees must take notice, they were put upon inquiry as to appellants' right or title. Such inquiry necessarily would have led to an investigation of the records which furnished indubitable evidence of their title under a chain of recorded deeds each conveying the entire league, and prosecution of the inquiry would have necessarily led to the knowledge that they were paying taxes on the whole league. This evidence was undisputed, and constituted ouster and notice thereof to appellees, notwithstanding their nonresidence and actual ignorance; and even if, under this evidence, it be an issue to be submitted to the jury, as contended by appellees, this was not in itself sufficient to show probable right in them. If it were only necessary for appellees to raise an issue as to their right, the whole doctrine that they must show probable title falls to the ground, and, without speculating as to what a jury might find if the issue were submitted to them, it is sufficient for the court to say that the evidence on the issue throws so much doubt upon its ultimate determination, that it can not be said that appellees' right, in so far as it depends upon this issue, is probable. (Parker v. Newberry, 83 Texas, 431; Church v. Waggoner, 78 Texas, 203; Stubblefield v. Hanson, 94 S. W., 406.)

But for the objection set out in the ninth assignment of error, which must be sustained, we think that the facts pleaded and shown authorized the appointment of a receiver, but we are not inclined to agree that it was necessary to the protection of appellees' rights, in any event, that such receiver should have had the extensive powers conferred by the court's order. There was no showing as to the insolvency of any of the defendants, but it does appear that there are a great many of them, corporations and others, many nonresidents of the State, holding and claiming various interests. We can readily see how, even if none of them are insolvent, appellees would be greatly embarrassed in the prosecution of their rights to the oil taken if they succeed in establishing their title. We are inclined to think, however, that if appellants execute a bond, as they offered to do, in a sufficient amount and with proper security, for the value of 5/32 of the oil, appellees will need nothing further for their protection than the appointment of a receiver, as an auditor, to keep track of all oil that is extracted and the disposition that is made of the same, to the end that upon final trial there may be accurate and unquestioned evidence of the amount of appellees' claim for such oil against each defendant. Such receiver, or auditor, should of course be given such powers as would be necessary or proper to enable him to do this.

The appellants' case under the five years statute of limitation was not met by appellees' evidence. It may be that this was because of an excusable misapprehension of the law, as it is now settled in Dunn v. Taylor, *supra*. For this reason we will remand the cause.

If appellants' case is not rebutted by other and additional evidence, we think the application for receiver should be refused. If it is so rebutted, in the judgment of the trial court, we are of the opinion that a receiver should be appointed with such limited powers as above suggested, provided appellants execute the bond as offered by them. Otherwise, it would be proper to empower the receiver to take charge of 5/32 of the output, under appropriate instructions as in the order appealed from. The authority of such receiver, however, should go no further than is necessary for the protection of the rights, if any, of appellees.

Other assignments of error are overruled. The judgment is re- versed and the cause remanded.

*Reversed and remanded.*