## REED v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit.
January 7, 1930.

No. 5512.

A. S. Walker, of Austin, Tex., and Will E. Orgain, of Beaumont, Tex., for petitioner.

C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., Sewall Key, Sp. Asst. to Atty. Gen., I. R. Blaisdell, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., Mabel Walker Willebrandt, Asst. Atty. Gen., and Barham R. Gary, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Barham R. Gary, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is a petition for a review of an order of the Board of Tax Appeals sustaining the action of the Commissioner of Internal Revenue in determining a deficiency in estate taxes against the estate of Thomas Selden Reed, who died on February 20, 1924. That determination was the result of including in the gross estate of

the decedent property which was conveyed to him by the deed mentioned below. The Board's findings of fact include the following: Decedent had been married twice. His first wife, Dora Reed, died intestate in the year 1886. By her decedent had five children, all of whom are living. Dora Reed, at the time of her death, possessed a share in the community estate of herself and husband. Her share was never segregated from the community, and was managed and controlled by decedent as though it was his own property. Decedent's second wife, Ida Reed, died intestate June 26, 1919. By her decedent had four children, who are now living. At the date of her death she was the owner in community with her husband of a large estate. Decedent returned her estate for tax purposes. Ida Reed's estate was not administered. Prior to October, 1919, decedent and his children had several consultations, the result of which was an oral agreement between all the parties to the effect that the children would convey to decedent their interests in their respective mothers' estates, and that he would devise and bequeath to them the whole of the estate (including the property he was to receive from the children by the proposed deed) of which he might be possessed at the date of his death in the respective shares and subject to the conditions and reservations disclosed by his last will and testament hereafter referred to. Pursuant to this agreement, all of the said children executed and delivered to decedent a warranty deed conveying "all and singular our right, title, interest, estate and demand in and to all of the property, whether real, personal or mixed, of which we may be seized and possessed, or in or to which we or any of us may own and have an interest as children and heirs at law of our respective mothers, the said Dora Reed, * * * and the said Ida Reed; * * * it being the intention of this instrument to convey all of our interest in said estates, stocks, bonds, notes, choses in action and real estate, and every character of property and wherever the same may be situated." That deed recited a consideration of $10,000. No part of the recited consideration was paid or intended to be paid. That deed was executed on December 24, 1919. On the same day the decedent executed and published his last will and testament, the provisions of which, as above indicated, were in conformity with the above-mentioned agreement. That will was in effect at the time of decedent's death, and was duly probated.

In Texas a trust may be established by parol. Faville v. Robinson, 111 Tex. 48, 227 S. W. 938; Carl v. Settegast (Tex. Com. App.) 237 S. W. 238; City of Fort Worth v. National Park Bank (C. C. A.) 261 F. 817. The grantors in the above-mentioned deed owned the property covered thereby, as the title, legal and equitable, to the estates of decedent's deceased wives had passed to their children. Wiess v. Goodhue, 98 Tex. 274, 83 S. W. 178. The obligation incurred by the decedent under the above-mentioned agreement between him and the grantors in that deed had the effect of creating a trust in favor of the grantors, with the result that by executing that deed they parted with only the legal title to the property conveyed, and remained equitable beneficial owners of that property. Faville v. Robinson, supra; Carl v. Settegast, supra; Temple v. City of Coleman (Tex. Civ. App.) 245 S. W. 264. The following is an extract from the opinion in the case of Faville v. Robinson, supra:

"The suit was one where, according to her petition, the plaintiff, Mrs. Kate Robinson, was induced to convey to her mother, Mrs. Margaret Faville, a certain interest in real estate upon the mother's oral representation and promise that at her death she would devise to the plaintiff her entire interest in the property; which agreement was afterwards repudiated by the mother; and because of which the plaintiff sought to have the property impressed with a trust to the extent of the interest conveyed.

"It is clearly and rightfully the rule in this State, as was held by the Court of Civil Appeals, that the title to property acquired under such circumstances is subject to a trust and that the trust may be established by parol. Clark v. Haney, 62 Tex. 511, 50 Am. Rep. 536. Where a grant is made on the faith and because of a promise, a breach of the promise is necessarily a fraud, not to be tolerated in equity although the promise be only verbal. In such cases, where the circumstances are such as to deny the right to a rescission, equity will impose a trust upon the property as a means of defeating a fraudulent and wrongful acquisition of the title. In the phrase of Chief Justice Gibson, equity turns the fraudulent procurer of the legal title into a trustee, to get at him. Hoge v. Hoge, 1 Watts (Pa.) 214, 26 Am. Dec. 52."

We think it would be superfluous to say more in support of the conclusion that, while the decedent took the legal estate in fee of the property covered by the above-mentioned deed, the equitable estate in fee remained in the grantors in that deed. Hopkins v. Grimshaw, 165 U. S. 342, 357, 17 S. Ct. 401, 41 L. Ed. 739. It follows that that property was

not a part of the estate of the decedent, or subject to the estate tax against that estate.

The petition is granted, and the order under review is reversed.