**SLYDER v. DISTRICT OF COLUMBIA.**

No. 10716.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1950.

Decided Feb. 1, 1951.

Godfrey L. Munter, Washington, D. C., for petitioner.

Harry L. Walker, Asst. Corporation Counsel, Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and George F. Lynch, Asst. Corporation Counsel, all of Washington D. C., were on the brief, for respondent.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

EDGERTON, Circuit Judge.

Petitioner, who was ill, orally agreed with Josephine Mathy that if she would give up her boarding-house business and take care of him he would give her the money to buy a house, title would be taken in her name, and when either died the house would belong to the other. The parties carried out their agreement. He paid for a house and title was taken in her name. She willed him her residuary estate, including the house, and cared for him until she died. He petitions for review of a ruling of the Board of Tax Appeals for the District of Columbia that the transfer of the house is taxable under D.C.Code (1940) § 47–1601(a), 50 Stat. 683, which taxes all property "transferred from any person who may die seized or possessed thereof, either by will or by law, or by right of survivorship * * *."

Petitioner contends that in equity and good conscience he inherited nothing that was not already his and therefore no tax is due. But the fact is that he had no legal or equitable right to dispose of the house during the lifetime of Josephine Mathy. In other words, while she lived she had not only legal title but also a beneficial interest. We need not consider whether she had the whole beneficial interest or whether petitioner had a share in it. In either case, when she died he acquired not only her legal title but her beneficial interest. It is immaterial whether he is thought to have acquired it by her will or by the right of survivorship that the oral agreement sought to create, for the tax law expressly covers transfers "by will * * * or by right of survivorship". Accordingly there is no occasion to consider whether the purchase of the house, and the oral agreement, created a trust in petitioner's favor. Cf. D.C. Code (1940) § 12–303, 31 Stat. 1367–1368.

Statutes sometimes exempt from taxation transfers by will when they are made pursuant to contract, but Congress chose not to exempt such transfers. The choice appears to have been deliberate. In the same sentence by which Congress taxed all transfers from a decedent "by will or by law, or by right of survivorship", it proceeded to exempt from taxation transfers by *deed* intended to take effect after the death of the decedent "in cases

of a bona fide purchase for full consideration in money or money's worth". Cf. In re Howell's Estate, 255 N.Y. 211, 174 N.E. 457; Jacob v. Commissioner of Internal Revenue, 9 B.T.A. 636, affirmed 8 Cir., 34 F.2d 233. We need not decide whether this exemption would have covered a deed from Josephine to the petitioner

No deed was made. As the Board said in effect, the tax law applies to what was done, not what might have been done.

No question regarding the *amount* of the tax is before us, for none was raised before the Board or in petitioner's brief.

Affirmed.