235 F.2d 504
 98 U.S.App.D.C. 277
 DISTRICT OF COLUMBIA, Petitioner,
v.
Joseph J. McCARRON et al., Respondents.
DISTRICT OF COLUMBIA, Petitioner,
v.
Honoria A. McCARRON et al., Respondents.
DISTRICT OF COLUMBIA, Petitioner,
v.
Catherine H. McCARRON et al., Respondents.
DISTRICT OF COLUMBIA, Petitioner,
v.
Mary Grace MONTGOMERY et al., Respondents.
 Nos. 12777-12780.
 United States Court of Appeals District of Columbia Circuit.
 Argued Nov. 16, 1955.
Decided Feb. 2, 1956.
Petition for Rehearing In Banc Denied March 5, 1956.
 
 Mr. George C. Updegraff, Asst. Corp. Counsel for District of Columbia, with whom Mr. Vernon E. West, Corp. Counsel, Mr. Chester H. Gray, Principal Asst. Corp. Counsel, and Mr. Hymie Nussbaum, Asst. Corp. Counsel, were on the brief, for petitioner. Mr. Henry E. Wixon, Asst. Corp. Counsel, also entered an appearance for petitioner.
 Mr. John E. Powell, Washington, D.C., with whom Messrs. Arthur P. Drury and John M. Lynham, Washington, D.C., were on the brief, for respondents in all cases.
 Before PRETTYMAN, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.
 PRETTYMAN, Circuit Judge.
 
 
 1
 These are petitions to review decisions of the District of Columbia Tax Court in inheritance tax cases. That court disposed of the cases in a careful, somewhat what elaborate opinion. We shall not attempt to restate the whole of the matter but will indicate the controlling features.
 
 
 2
 The decedent was John F. McCarron. He had a brother, Joseph, who had a wife, Honoria, and she was a niece of John's wife. The family was closely knit. Some years prior to presently pertinent events Honoria held title to a dwelling house, three floors with basement. She and Joseph, with their daughters, occupied the first floor and basement [98 U.S.App.D.C. 278] and rented the other two floors. They came upon some difficulties, whether of health or of finances is not clear. Honoria discussed their problem with John, our decedent, and he agreed to take over the property, manage it, repair it, meet the bills except for utilities, pay the taxes, and also collect the rents, and in his will to return the property. This was in 1940. Honoria conveyed the property to John, and it was thereafter handled according to the agreement. Joseph and Honoria continued to live in the house as they had been doing. In about 1952 John fell ill. He sent for an attorney and explained the situation, and a deed was drawn and executed. By the deed John reserved to himself a life estate in the property, transferred life estates to Joseph and Honoria, and the survivor, and transferred the remainder in fee simple to the daughters of those two. The deed was recorded, and John, the life tenant, retained possession of it. John executed a will and left the property to Joseph and Honoria.
 
 
 3
 The Tax Court held the deed was effective but was in contemplation of death. It held the agreement made by John and Honoria created a valid trust as to the property and John was the trustee. It held Honoria was at all times the real owner and the transfer effectuated by the deed was pursuant to the agreement between her and John. It held the transfer not taxable.
 
 
 4
 It seems plain that the decedent had only a life estate in the property, Honoria retaining the beneficial interest in the remainder, as a result of the agreement between them. The testimony of Honoria, an interested party, might not in itself have been sufficient to establish this, but it was corroborated by the testimony of other disinterested parties and by the fact that the decedent recognized his obligation and executed his trust.[1] Decedent's life estate was not an interest capable of transfer by him.[2] Since Honoria retained the beneficial interest in the remainder after decedent's life estate, any transfer by the decedent beyond his own life estate could embrace only the bare legal title and so would not be a transfer within the meaning of the statute.[3] Slyder v. District of Columbia[4] is not to the contrary, since our opinion pointed out in that case that the decedent had both legal title and a beneficial interest in the property, which were transferred to Slyder by will or survivorship.
 
 
 5
 Affirmed.
 
 
 
 [1]
 It may be noted too that under the terms of Item I of the will the tax here involved would in any event be payable by the residuary legatee (the widow) rather than by Honoria
 
 
 [2]
 District of Columbia v. Lloyd, 82 U.S.App.D.C. 70, 160 F.2d 581 (D.C.Cir.1947); District of Columbia v. Wilson, 94 U.S.App.D.C. 399, 216 F.2d 630 (D.C.Cir.1954)
 
 
 [3]
 We think this would be true whether or not the deed was validly delivered. Hence we need not and do not pass on the validity of the delivery. In any event all parties to this appeal appear to assume valid delivery
 Cf. District of Columbia v. Wilson, supra note 2; Reed v. Commissioner of Internal Revenue, 36 F.2d 867 (5 Cir., 1930).
 
 
 [4]
 88 U.S.App.D.C. 170, 187 F.2d 217 (D.C.Cir.1951)