Josephine Lee HERRING, Appellant,

v.

DUNIGAN TOOL & SUPPLY CO. et al., Appellees.

No. 3746.

Court of Civil Appeals of Texas.

Eastland.

Sept. 21, 1962.

C. J. Eden, Breckenridge, for appellant.

Whitten, Harrell & Wilcox, Abilene. Robert E. Bowers, Breckenridge, for appellees.

WALTER, Justice.

Mrs. Josephine Lee Herring filed suit against Dunigan Tool & Supply Company for 50 shares of the company's stock which was listed on the books of the company in the name of her deceased husband, James A. Herring. She claimed the stock under her husband's will.

Dunigan impleaded Frank Herring, a son of deceased by his first wife. The son pleaded that his father had acquired 75 shares of the company's stock during his first marriage. He alleged his mother died intestate and he acquired 37½ shares by inheritance. He also pleaded that by agreement he permitted his father to retain all of the stock and collect the dividends during his lifetime. The father sold 25 shares of said stock after the death of his first wife.

Mrs. Herring admitted that the 75 shares of stock was the community property of the first marriage. However, she pleaded as a defense to the son's claim a division of the community estate of the first marriage between the father and the son. She also pleaded the two year statute of limitation and laches.

In a non jury trial, the court awarded the son the 37½ shares of the company stock which he inherited from his mother.

Mrs. Herring has appealed, contending the court erred in rendering such judgment because the evidence conclusively established that the father made a settlement with the son of the community property of the first marriage. She further contends the record established conclusively that the father claimed such stock adversely to his son. She also asserts such findings are against the overwhelming weight and preponderance of the evidence, and contends her plea of limitation and laches should have been sustained.

■ In determining whether there is any evidence to support the judgment, it is proper to consider only that evidence most favorable to the judgment and to disregard entirely that which is opposed to it or contradictory in its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Austin v. Cochran, Tex. Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696.

■ Frank Herring's mother died intestate May 30, 1937. The father, James A. Herring, married the plaintiff in 1940. James A. Herring died June 29, 1958. On July 11, 1958, Frank Herring notified Dunigan of his claim to the 37½ shares of stock.

After a careful consideration of the record, we have concluded that there was some evidence to support the finding that there was no settlement between the father and the son. The son testified that there was no settlement, and that the only properties he received from such community estate were keepsakes, such as the family Bible, a tablecloth crocheted by his mother, a little glassware and one antique sewing machine. When Frank Herring was asked if he had any agreement with his father after his mother's death concerning the stock he testified:

"A. Well, I wanted him to have all of the income from the stock. I told him that I had inherited half of it, under Texas law, but as far as I was concerned I was perfectly willing that he should get all of the income from it as long as he had it and as long as he lived. That was about the gist of it and I never heard anything more about it until this came up." He further testified that he permitted the stock to remain in his father's name so that the dividends could be paid to him without interruption, and that as a result of his conversations and agreements the stock remained in his father's name and he continued to collect the dividends until his death.

From the above and other testimony in the record, we have concluded that the appellant did not conclusively establish that the father held the stock adversely to his

son. We have also reached the conclusion that the appellant failed to establish her claim of limitation and laches.

We have considered all the evidence and have concluded that the judgment is not against the overwhelming weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We have considered all of the appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.