ESTATE OF GERTRUDE M. CHADDOCK, DECEASED, E. O. CHADDOCK, JR., EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2630–68.  Filed August 31, 1970.

*Donald R. Ham,* for the petitioner.
*G. Phil Harney,* for the respondent.

OPINION

The issue is whether the 1,645 shares of stock which decedent held in her name at the time of her death on January 29, 1965, were her own property so as to be includable in her gross estate under section 2033.[2]

There is a presumption of correctness in the respondent's determination of a deficiency, and the burden of proof is on the petitioner to show that the decedent did not own the stock in question at the time of her death.

It is well established that State law is determinative of the rights and interests in property subject to the Federal estate tax, e.g., *Morgan v. Commissioner*, 309 U.S. 78 (1940). We must determine the substance of the applicable State law provisions and apply the estate tax provisions to the property interests so determined. When State law establishes ownership of property in persons other than the decedent, that property is properly excluded from the decedent's gross estate. *Reed v. Commissioner*, 36 F. 2d 867 (C.A. 5, 1930).

In the instant case, the laws and decisions of Texas are determinative of the property interest which decedent had at her death. Texas is a community property State, and the passage of community property at the death of one of the spouses intestate is governed by Tex. Prob. Code section 45 (1956), which provides:

Sec. 45. Community Estate

Upon the dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor, if there be no child or children of the deceased or their descendants; but *if there be a child or children of the deceased, or descendants of such child or children, then the survivor shall be entitled to one-half of said property, and the other half shall pass to such child or children, or their descendants.* But such descendants shall inherit only such portion of said property as the parent through whom they inherit would be entitled to if alive. In every case, the community estate passes charged with the debts against it. * * * [Emphasis supplied.]

At the time of Chaddock's death in 1956, there was confusion in the law of Texas as to whether a husband and wife, by contract between themselves, could establish a joint tenancy with right of survivorship with respect to community property and thereby overcome the statutory pattern of descent established for community property by section 45, Tex. Prob. Code (set out above).

---

[2] SEC. 2033. PROPERTY IN WHICH THE DECEDENT HAD AN INTEREST.

The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death.

In *Reed* v. *Reed*, 283 S.W. 2d 311 (Tex. Civ. App. 1955), a Texas court ruled that a husband and wife could not by contract establish a joint tenancy with survivorship rights with respect to community property and thereby change the class of estate which the law established in each.

In *Shroff* v. *Deaton*, 220 S.W. 2d 489 (Tex. Civ. App. 1949), and *Ricks* v. *Smith*, 318 S.W. 2d 439 (Tex. 1958), Texas courts held that survivorship contracts between husband and wife respecting community property are valid.

The issue was finally resolved by the decision of *Hilley* v. *Hilley*, 342 S.W. 2d 565 (Tex. 1961). In this case, the Texas Supreme Court overruled its decision in *Ricks* v. *Smith*, *supra*, and held that while survivorship agreements could be executed with respect to separate property of the husband and wife, such contracts, standing by themselves, were invalid when they involved community property.

The rule of *Hilley* has been firmly established by subsequent developments. Immediately following the decision in *Hilley*, the Texas legislature sought to change the result of the case by adding to the provision of the Texas Probate Code abolishing joint tenancies [3] a proviso which specifically provided that a husband and wife could contract to create a joint tenancy with rights of survivorship out of their community properties.[4] This provision was held unconstitutional and the rule of *Hilley* was reaffirmed by the Texas Supreme Court in *Williams* v. *McKnight*, 402 S.W. 2d 505 (Tex. 1966).

The *Hilley* and *Williams* cases do not, however, entirely foreclose the creation of a joint tenancy with right of survivorship out of community property. In order to create such an arrangement when the property is initially in community, the husband and wife must transmute it into separate property by partition pursuant to Tex. Rev. Civ. Stat. art. 4624a (1960), which provides in part that:

Art. 4624a. Partition or exchange of community property between husband and wife.

Section 1. A husband and wife, without prejudice to pre-existing creditors, may from time to time, by written instrument as if the wife were a feme sole,

---

[3] Sec. 46. Joint Tenancies Abolished

Where two (2) or more persons hold an estate, real, personal, or mixed, jointly, and one (1) joint owner dies before severance, his interest in said joint estate shall not survive to the remaining joint owner or joint owners, but shall descend to, and be vested in, the heirs or legal representatives of such deceased joint owner in the same manner as if his interest had been severed and ascertained. Provided, however, that by an agreement in writing of joint owners of property the interest of any joint owner who dies may be made to survive to the surviving joint owner or joint owners, but no such agreement shall be inferred from the mere fact that the property is held in joint ownership.

[4] Tax Acts 1961, 57th Leg., ch. 120, sec. 1, p. 233, states in part that:

It is specifically provided that any husband and his wife may, by written agreement create a joint estate out of their community, property, with rights of survivorship.

partition between themselves in severalty or into equal undivided interests all or any part of their existing community property, or exchange between themselves the community interest of one spouse in any property for the community interest of the other spouse in other community property. Such partition or exchange shall be effectuated by a written instrument subscribed and acknowledged by both spouses in the manner now required by law for the conveyance of realty; whereupon the property or interest in property set aside to each spouse by such instrument shall be and constitute a part of the separate property of such spouses.

Such partition shall not be good or effectual against a purchaser in good faith, without notice thereof and for a valuable consideration, nor against any creditor unless filed for record with the County Clerk of the county or counties in which such property shall be situated.

The statutory partition must take place prior to the agreement between husband and wife creating the joint tenancy. *Hilley* v. *Hilley*, *supra* (stock purchased and issued in joint tenancy with survivorship not effective as partition where the statutory requirements are not met) ; and *Williams* v. *McKnight*, *supra* (joint bank account with survivorship not effective as to community property unless statutory requirements for partition are first complied with).

In the case before us, the statutory requirements of partition were not met by Chaddock and decedent prior to their creation of a joint tenancy out of community property. Therefore, the joint tenancy with right of survivorship created by decedent and Chaddock with respect to the stock was invalid under Texas law, and upon Chaddock's death, the stock passed to the survivor and the heirs under the statutory pattern of descent established by section 45, Tex. Prob. Code. Under this provision one-half of the community estate went to the survivor of the community (decedent in this case) and one-half passed to the child (petitioner) of the deceased (Chaddock).

When a person dies intestate in Texas, the community estate of that person vests in his heirs at law immediately on his death. *White* v. *White*, 179 S.W. 2d 503 (Tex. 1944) ; *Atkins* v. *Dodds* ,121, S.W. 2d 1010 (Tex. Civ. App. 1938) ; and Tex. Prob. Code sec. 37 (1969).[5] Hence, in this case, the title to one-half of the stock of Chaddock vested in the petitioner immediately upon Chaddock's death.

---

[5] Sec. 37. Passage of Title upon Intestacy and Under a Will

When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will, shall vest immediately in the devisees or legatees of such estate and the donees of such powers; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject, however, to the payment of the debts of the testator or intestate, except such as is exempted by law; and whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exception aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid ; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law. * * *

Respondent argues that petitioner forfeited any rights he may have had to one-half of the stock at the date of his father's death by not having title to such stock placed in his own name. In support of his position, respondent contends that a community survivor under Texas law is charged with the duty of distributing the estate 12 months after the death of the deceased to those entitled to receive it. He submits that decedent's failure to so distribute and her application instead to have all of the stock placed in her own name constituted a conversion by her of petitioner's interest in one-half of the stock. He contends that this conversion started the 4-year statute of limitations applicable in Texas to actions for the recovery of property other than real estate [6] with the consequence that petitioner is now barred from pursuing any right he may have had to such stock. We disagree with respondent's position.

Respondent is confused as to the nature of the Texas law requiring the community survivor to distribute the community estate 12 months after the death of the deceased. This requirement exists only with respect to provisions of the Texas Probate Code establishing a statutory form of probate administration.[7] It does not apply where there is not an attempt by the survivor to qualify as a community administrator pursuant to these provisions. In the case before us, there was no administration taken out and the requirement does not apply.

As stated previously, under Texas law, the community estate of an individual who dies intestate vests immediately in his heirs upon his death. The survivor and the heirs then hold the community estate as tenants in common. *Wingo* v. *Rudder*, 124 S.W. 899 (Tex. 1910); *Citizens Sav. Bank & Trust Co.* v. *Spencer*, 105 S.W. 2d 671 (Tex. Civ. App. 1937), error dismissed 110 S.W. 2d 1151; and *Hardy Oil Co.* v. *Burnham*, 124 S.W. 221 (Tex. Civ. App. 1909). The statute of limitations does not run in favor of the tenant in common holding the property as against the other tenant in common until the one holding indicates by word or deed that he is holding adversely to the interest of the other. *Wingo* v. *Rudder, supra; Citizens Sav. Bank & Trust Co.* v. *Spencer, supra; Koppelmann* v. *Koppelmann,* 59 S.W. 827 (Tex. Civ. App. 1900).

In the case before us, we have found that petitioner had an oral understanding with decedent that she was to have the dividends in his undivided one-half interest in the stock for her life, and that he was to retain ownership of the stock for all other purposes. This

---

[6] Tex. Rev. Civ. Stat. Ann. art. 5529. All other actions barred, when—

Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

[7] See Tex. Prob. Code secs. 161–177.

finding is reinforced by the testimony of Clifford N. Humphrey, the attorney who represented the Chaddock family at the time of the death of Chaddock. In testifying as to the manner in which the estate of Chaddock was handled for purposes of Texas law, he stated that "Mr. Chaddock," referring to petitioner in this case "said he wanted her to have the dividends off this stock for her lifetime."

Under similar facts, it has been held that a decedent's retention of stock and the holding of title to it in the decedent's name were not adverse to the interest of the heir. Consequently, the statute of limitations had not ever started to run, and the heir was allowed to bring suit to establish his right of ownership granted to him by the Texas Probate Code. *Herring* v. *Dunigan Tool & Supply Co.*, 361 S.W. 2d 474 (Tex. Civ. App. 1962).

While the other acts of the parties may not have been entirely consistent with the existence of said understanding, the difficulty in this regard stems from the state of the law at the time of Chaddock's death, and not the state of mind of the parties.

On the basis of the *Dunigan Tool & Supply Co.* case, and the facts of this case, we are constrained to find for the petitioner. Decedent's retention of the stock and the taking of title to it in her name were not adverse to the interest of the petitioner. Hence, the statute of limitations did not commence to run, and the interests of the decedent and petitioner remained as established by sections 37 and 45, Tex. Prob. Code.

Respondent, citing *Pollard* v. *Steffens*, 343 S.W. 2d 234 (Tex. 1961), argues that a change in judicial interpretation or view of the applicable law after a final judgment does not furnish a basis for a bill of review and equitable relief to set aside a contract consummated in reliance on the law as announced by a court decision. Again we disagree with the respondent.

In *Pollard*, the appellant argued that he had been mistaken in the law as to the validity of survivorship agreements and that it was not until 3 years later that he became aware of his mistake. The Texas Supreme Court held that, although a judgment of a Probate Court with respect to the validity of a survivorship agreement might have been in conflict with the decision of *Reed* v. *Reed, supra,* the mistake of law was not one for which equity would grant relief.

In the instant case, there was no administration and petitioner was not involved in any probate proceeding. In short, there was no final judgment or contract to which petitioner was a party which would prevent petitioner from asserting his inherited property rights.

*Decision will be entered under Rule 50.*