MARIE S. LIVINGSTON, as Administratrix of the Estate of
ROBERT L. LIVINGSTON, Deceased, et al., Respondents,
*v*. HENRY G. WARD et al., Appellants, and BAYARD U.
LIVINGSTON et al., Respondents.

MARIE S. LIVINGSTON, as Administratrix of the Estate of
ROBERT L. LIVINGSTON, Deceased, et al., Respondents,
*v*. BAYARD U. LIVINGSTON et al., Respondents, and
CHARLES M. HOUGH, as Executor and Trustee under
the Will of ANNE D. THOMSON, Deceased, et al.,
Appellants.

**Practice — costs — Supreme Court has power to make allow-
ances to special guardians and guardians ad litem payable by
any party to action or out of property involved — exercise of
power must be governed by sound discretion — judgment of
Appellate Division in so far as it makes allowance to guardian
ad litem affirmed even though it be determined infants had no
interest in property.**

1. Section 207 of the Civil Practice Act, read in connection with
rule 43 of the Rules of Civil Practice, confers power upon the Supreme
Court to fix the fees of a guardian *ad litem* or a special guardian to
" be paid by any party to the action or proceeding or out of the pro-
ceeds of any property which is the subject matter of the action, as
the court shall direct."

2. The discretion vested in the Supreme Court is a judicial discre-
tion and there must be circumstances shown which justify the manner
of its exercise, but where not only the plaintiff, but the defendants,
ask the court to determine what parties have title to real property
and the question cannot be determined without the presence of infant
defendants, the Appellate Division has power to allow the guardians
*ad litem* reasonable compensation for their services, payable by the
adverse parties or out of the proceeds of the property, and that part
of its judgment will be affirmed, even though this court determine
that the infants have no interest in the property.

(Submitted March 26, 1928; decided May 2, 1928.)

MOTIONS to amend remittiturs.    (See 248 N. Y. 97, 517.)
          13

LEHMAN, J. The judgments of the Appellate Division constituted a determination that title to certain real property formerly owned by James Thompson was vested in the plaintiff, and in certain parties defendant who traced their claim of title to the same source as the plaintiff. Some of the successful parties defendant were infants and provision was made in the judgments of the Appellate Division for allowances of compensation to the guardians *ad litem* of the successful infant parties. Upon appeal this court reversed the judgments of the Appellate Division and affirmed the judgments of Special Term. Our attention was not directed to the fact that the reversal of the judgments of the Appellate Division by this court deprives the guardians *ad litem* of the allowances made by the Appellate Division as compensation for services rendered. The guardians *ad litem* now ask this court to amend its remittiturs, so that these allowances may be restored.

Under the judgments of Special Term affirmed by this court, the infant defendants represented by these guardians *ad litem* have no title to the property which is the subject-matter of the action. The courts of this State long held that no allowance beyond taxable costs might be awarded to the guardian of an infant party which was payable out of property belonging to parties other than the infant. It was said that the power to grant allowances to guardians is the creature of statute, and that the Legislature had seen fit to limit its grant of such power. (*Union Ins. Company* v. *Van Rensselaer*, 4 Paige, 85; *Gott* v. *Cook*, 7 Paige, 521; *Downing* v. *Marshall*, 37 N. Y. 380; *Matter of Holden*, 126 N. Y. 589; *Matter of Robinson*, 160 N. Y. 448.) We must look to recent increase of power conferred upon the courts, rather than to power inherent in the courts as the basis of the courts' authority if we sustain the allowance to the guardians *ad litem* made by the Appellate Division, though we reverse the judgment which holds that the infants repre-

sented by the guardians *ad litem* have an interest in the property.

Section 280 of the Surrogate's Court Act (formerly 2748 of the Code of Civil Procedure) provides that "a special guardian for an infant or incompetent shall receive a reasonable compensation for his services to be fixed by the surrogate, *payable from the estate or fund,* or from the interest of the ward therein, or from both in such proportion as the surrogate may direct." It has been held that under this section allowance may be made to special guardians payable out of the estate, at least in cases " in which the services of the guardian are shown to be of value not only to the immediate ward or wards, but also to the owners of the estate or fund out of whose pockets the allowance is to be taken." (*Matter of Thaw,* 182 App. Div. 368.)

Section 207 of the Civil Practice Act, read in connection with rule 43 of the Rules of Civil Practice, confers similar power upon the Supreme Court. (*Rezzemini* v. *Brooks,* 236 N. Y. 184.) The court may fix the fees and compensation of a guardian *ad litem* or a special guardian. (Section 207.) " If a guardian *ad litem* or special guardian shall have been appointed for an infant defendant who is not entitled to any money or property under the terms of the final judgment, such guardian may, nevertheless, receive such compensation as the court shall deem reasonable, which shall be paid by any party to the action or proceeding or out of the proceeds of any property which is the subject matter of the action, as the court shall direct." (Rules of Civil Practice, rule 43.)

Doubtless the discretion vested in the Supreme Court is a judicial discretion, and there must be circumstances shown which justify the manner of its exercise. Here such circumstances are present in abundant measure. Not only the plaintiff, but the defendants, ask the court to determine what parties have title to or interest in the real property which is the subject-matter of the actions.

The court could not determine the questions before it without the presence of the infant defendants. It was necessary to appoint guardians to represent the infants. It was their duty to urge with vigor any substantial claims of the infants. Here those claims were so substantial that they prevailed in the Appellate Division. The services rendered by the guardians were beneficial to the adverse parties, for without the presence of the guardians these parties could not have judicially established their claims. The amounts allowed to the guardians were reasonable, in view of the services rendered.

Under these circumstances the Appellate Division had power to allow the guardians *ad litem* compensation for their services, payable by the adverse parties or out of the proceeds of the property which is the subject-matter of the action. Though the Appellate Division exercised its discretion at a stage of the proceedings when there was an adjudication that the infants had an interest in the property, yet even now there are considerations present which would justify, even if they might not compel, the exercise of its discretion in similar manner. In such case, it seems unnecessary to remit the guardians to the Supreme Court to pass upon the question anew. The provisions of the judgment of the Appellate Division which provide for an allowance of compensation to the guardians *ad litem* should be affirmed and the remittitur is amended accordingly.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Motions granted. The recall · of the remittiturs is requested and when recalled the remittiturs will be amended in accordance with opinion.