## DISTRICT OF COLUMBIA v. LLOYD.
### No. 9383.

United States Court of Appeals

District of Columbia.

Argued Jan. 16, 1947.

Decided March 17, 1947.

Mr. George C. Updegraff, Assistant Corporation Counsel, District of Columbia with whom Messrs. Vernon E. West, Corporation Counsel, District of Columbia, and Chester H. Gray, Principal Assistant Corporation Counsel, District of Columbia, were on the brief, for petitioner.

Mr. Samuel T. Hazard, of Washington, D. C., with whom Mr. O. H. Chmillon, of Washington, D. C., was on the brief, for respondent.

Before GRONER, Chief Justice, and EDGERTON, and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The District of Columbia exacted from the respondent an inheritance tax calculated on the value of certain property which it claimed had passed to the respondent's ward, Tangley C. Lloyd, at and because of the death of her father, Demarest Lloyd, Jr. Its Board of Tax Appeals having held the tax inapplicable and having ordered a refund, the District of Columbia appeals.

On January 23, 1932, Tangley's grandfather, Demarest Lloyd, then the owner of the property, placed it in an irrevocable trust. The instrument provided that the income, subject to certain restrictions, should be expended for or paid to the donor's son, Demarest Lloyd, Jr. Provision was also made for the corpus of the estate to be distributed to the son, one portion at the age of 25 years, another at 35, and the remainder at 45.

In the following terms, the declaration of trust gave Demarest Lloyd, Jr., a general power of appointment with respect to the corpus: "6. If the said Demarest Lloyd, Jr., dies after attaining the age of twenty-one years, all of the trust property which has not been distributed to said Demarest Lloyd, Jr., shall upon the death of the said Demarest Lloyd, Jr., be assigned and transferred as he may by his will appoint, or in default of such appointment by the said Demarest 'Lloyd, Jr., shall be paid and transferred to the persons who would be entitled to distribution of his personal estate as of the date of his death according to the laws of the District of Columbia."

Demarest Lloyd, Jr., executed a will on October 11, 1943, which contained the following paragraph: "Nothing contained in this, my Will, is intended to be or operate as an exercise in any respect whatsoever of any right or power of appointment which now vests or may be vested in me under any declaration of trust or testamentary instrument whatsoever."

On January 24, 1944, Demarest Lloyd, Jr., executed under seal an instrument by the terms of which he released and surrendered all power or powers of appointment conferred upon him under the declaration of trust of January 23, 1932. The text of the release is shown in the margin.[1]

Young Lloyd was a naval reserve officer in active service and was killed in action on June 12, 1944, at an age of more than 21 and less than 45 years. His will was admitted to probate in the District of Columbia on June 29, 1944. Nancy T. Lloyd, his widow, and an infant daughter, Tangley C. Lloyd, survive and are "the persons who would be entitled to distribution of his personal estate as of the date of his death according to the laws of the District of Columbia."

Except for the provisions of the will and the instrument of release, there would be no question of the petitioner's right to the inheritance tax which it claims. Section 1601(j) of Title 47, District of Columbia Code 1940, provides that an appointment made under a power such as that involved here shall be deemed to be a transfer taxable as though the property transferred by the appointment had belonged absolutely to the donee of the power. Moreover, by the terms of the same section of the statute, if the person possessing the power omits or fails to exercise it within the time provided for, nevertheless a taxable transfer results as though the power had been exercised.

The petitioner asserts that the release of the power attempted to be made by the decedent in this case did not destroy the power of appointment, but amounted to no more than an assertion of an intention not to exercise it. Hence, the petitioner ar-

[1] "I, Demarest Lloyd, formerly Junior, beneficiary named in a declaration of trust by my father, Demarest Lloyd, dated January 23, 1932, for the benefit of Demarest Lloyd, Jr., et als., of which the Harvard Trust Company of Cambridge, Massachusetts, and my mother, Katharine Nordel Lloyd, are at present the Trustees, do hereby, in consideration of one dollar and other valuable considerations which I acknowledge to have received from each of the persons who would be entitled to distribution of my personal estate as of the date of my death, according to the laws of the District of Columbia, and from the Trustees aforesaid for the benefit of such persons, release and hereby surrender all power or powers of appointment conferred upon me under paragraph 6 as to 'Distribution of Principal' under said declaration of trust or elsewhere in said trust, so that I may henceforth be absolutely precluded from exercising said power, and for the consideration aforesaid I, the said Demarest Lloyd, hereby make (a) with said Trustees and their successors as such, and (b) with each of the persons who who would be entitled to distribution of my personal estate as of the date of my death, according to the laws of the District of Columbia, a covenant in the terms following, namely, that I, the said Demarest Lloyd, will not exercise said power or powers of appointment conferred upon me in said declaration of trust.

"In witness whereof, I, the said Demarest Lloyd, set my hand and seal hereunto and to two other instruments of like tenor and date and make delivery of the same to said Harvard Trust Company, Trustee, for itself and as Trustee for each and every the said covenantees, on the 24th day of January 1944."

gues, there was a taxable transfer under § 1601(j) because of the nonexercise of a general power of appointment. The petitioner further contends that the tax is justified under § 1601(a), which applies it to the transfer of property from any person who dies "seized or possessed" thereof or of any interest therein.

▮ The two contentions of the District of Columbia are so intertwined with respect to the factual situation, and indeed the statutory provisions as well, that they may be considered together. The petitioner says that Demarest Lloyd, Jr., died seized or possessed of the corpus, within the meaning of § 1601(a), for three reasons, viz., (a) he had the right to the income from the corpus up to the date of his death; (b) had he lived to the age of 45 years he would have become the legal owner of the corpus; (c) he had the power to dispose of the property by will. The right to the income during his life gave Demarest Lloyd, Jr., an equitable interest in the corpus, but that interest terminated with death.[2] Although he would have become seized and possessed of the corpus had he reached the age of 45, that fact is without significance for the reason that he never attained that age. The petitioner's third contention that Demarest Lloyd, Jr., died seized or possessed of the corpus because he had the power to dispose of the property at death assumes the very fact upon which the case turns and this brings us then to the decisive question at issue: Did the release destroy the power of appointment, or was the release no more than

a covenant not to use the power with the result that until death the right of appointment, though not exercised, still existed?

No statutory provision in this jurisdiction answers the question, for the Congress, in legislating for the District of Columbia, has not expressly authorized the donee of a general power of appointment to release it, as have the legislatures of at least sixteen states. Nor is the answer to be found in judicial decisions, as the problem posed in this case is a matter of first impression in this jurisdiction.

The American Law Institute announces in 3 Restatement, Property § 334, that "all general powers of appointment can be released by the donee." To be sure, the Institute admits American case law on powers of appointment to be "distinctly thin in quantity," but the practical unanimity of the available cases impelled it to the statement contained in § 334.[3] The conclusion reached, in so far as it embraces testamentary powers, is, as Randolph E. Paul says,[4] "apparently tinged with a note of regret because releasability seems to violate the donor's desire that the power be held until the final moment of the donee's death. * * *" Mr. Paul adds that, while the Restatement's views are not conclusive, "it is highly significant that with one lone exception all commentators on the question have agreed that a general testamentary power is releasable."[5]

▮ The power with which we are now concerned is not one which can be said to be in trust; that is to say, the donee was

---

[2] As the petitioner points out, one who is entitled to the income from trust property is the owner of an equitable interest in the corpus. In Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 13, 57 S.Ct. 330, 333, 81 L.Ed. 465, the Supreme Court said: "The will creating the trust entitled the petitioner during his life to the net income of the property held in trust. He thus became the owner of an equitable interest in the corpus of the property." It seems obvious, however, that one who is the owner of an equitable interest in the corpus because he is entitled to the income therefrom, remains such owner only so long as he continues to be entitled to the income.

[3] As an excellent example of the few

available cases, reference is made to Lyon v. Alexander, 304 Pa. 288, 156 A. 84, 76 A.L.R. 1427. Written in 1931, this opinion has been frequently and favorably discussed in studies of the subject. It supports the views which we express.

[4] In his valuable 1946 Supplement to Federal Estate and Gift Taxation, p. 306.

[5] The trend of modern thought is also indicated by the fact that the Treasury Department has provided by regulation for a presumption "that all general powers of appointment are releasable, unless the local law on the subject is to the contrary."

not under an active duty to exercise it. Moreover, the donor clearly contemplated that the donee might not exercise the power. In that situation, we see no reason why the donee may not extinguish the power if he desires and it seems that no serious or material frustration of the donor's wish can be said to result. Accordingly we hold that Demarest Lloyd, Jr., could release his general power of appointment.

The recent Maryland decision of O'Hara v. O'Hara,[6] urged by the appellant as requiring a different conclusion to be reached, is not binding on this court since it is not declaratory of the law of that state as it existed prior to February 27, 1801.[7] On the contrary, the O'Hara case, to which we have given careful respectful consideration, departs from the rule which formerly obtained in Maryland.[8]

It remains to consider whether the instrument of release executed by Demarest Lloyd, Jr., was in form sufficient to accomplish his purpose. We deem it enough to refer to 3 Restatement, Property § 336(1), which is as follows: "When the donee of a releasable power delivers, to some person who could be adversely affected by an appointment, an instrument, by consideration or under seal, declaring that he releases the power, the power is thereby released."

The carefully considered opinion of the Board of Tax Appeals and the decision pursuant thereto seem to us to be correct.

Affirmed.

---

[6] 1945, 44 A.2d 813, 163 A.L.R. 1444.
[7] The date of the Organic Act concerning the District of Columbia, 2 Stat. 103. See also Watkins v. Rives, 75 U.S.App.D.C. 109, 125 F.2d 33.
[8] Brown v. Renshaw, 1881, 57 Md. 67.