ARTHUR J. HINES, Appellant, v. AGNES J. HINES, et al., Respondents. — Judgment (No. 1646) unanimously modified on the law and in exercise of discretion to the extent of deleting decretal paragraphs 2 through 6 and, as so modified, affirmed, without costs. Order (No. 1647) denying the motion to strike the court's opinion unanimously affirmed, without costs. Order (No. 1648) unanimously modified on the law and in exercise of discretion to the extent of striking the provisions as to the child Cynthia and, as so modified, affirmed, without costs. Order (No. 1649) unanimously affirmed, without costs. Although in form plaintiff asks for a judgment declaring the Alabama divorce and the subsequent marriage to be invalid, that is not the relief he really seeks. He admits that the object of this action and the sole purpose of prosecuting it is to compel a modification of the custody provisions fixed by the court in Nassau County in the habeas corpus proceeding. He thus by his own admission does not come to court with "clean hands" and the court need not in the exercise of discretion grant the declaration that he prays for. We therefore find it was not an abuse of discretion for the court to dismiss the complaint. However, we believe decretal paragraphs 2 through 6 of the judgment are improper and should be stricken. In paragraphs 2 and 3 respectively, the Alabama decree and the subsequent marriage are declared valid. We feel that the court should not have made any declaration in these respects inasmuch as the circumstances relating to the obtaining of the Alabama decree were not sufficiently explored to warrant the findings made by the court. Consequently decretal paragraphs 2 and 3 should be stricken from the judgment. For the same reasons the fourth decretal paragraph declaring the child to be legitimate should likewise be stricken. This is not to say however, that we make a finding that the child is not legitimate. On the contrary we make no such finding. While the fourth decretal paragraph should be stricken it should be without prejudice to the right of the defendant Edward Looney to seek relief under section 1135 of the Civil Practice Act declaring the child to be legitimate. The fifth decretal paragraph granting custody of

the child should be stricken for the reasons (1) there was no evidence taken upon which a conclusion may be based as to which of the parents should have custody, and (2) that issue has already been determined in the habeas corpus proceeding in Nassau County. The record does not indicate whether that proceeding has been finally closed, i.e., whether there is an appeal pending. In any event there is nothing in the record before us to warrant a change in the findings made by the Nassau court. It follows that decretal paragraph 6 which provides for an allowance for the infant must likewise be stricken. As to Appeal No. 1647 from the order denying the motion to strike the court's opinion from the file, we deem it unnecessary to say more than that the order was proper. The provisions in the order with respect to support and custody which are. the subject of Appeal No. 1648 should be stricken for the reasons heretofore indicated. That order insofar as it denies reargument of plaintiff's motion for judgment should be affirmed. Appeal No. 1649 brings up for review the provision of the order of Mr. Justice CONLON requiring plaintiff to pay the fees of the special guardian appointed to protect the interests of " Baby Jean ". We consider that provision correct. The appointment of a guardian was necessitated by plaintiff's pleading and prayer for relief where it was asked that the court determines the status of " Baby Jean ". Moreover it appears that plaintiff himself made the application for the appointment of the guardian. Consequently there is no reason why he should not be obliged to pay the resultant costs. Settle orders on notice. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and McNally, JJ.