Thomas A. **WOOD**, Administrator c.t.a. of the Estate of Frank R. Hanna, deceased, Plaintiff,

v.

**AMERICAN SECURITY AND TRUST COMPANY**, as Substituted Trustee u/w of Edwin P. Hanna, Francesca Martin Steere, Elizabeth Martin Haynes, David Hanna Fairbanks, Hope Thompson Hanna, Blake T. Hanna, Arline Hanna, and Ruth Hanna, Defendants.

Civ. A. No. 532–65.

United States District Court
District of Columbia.

March 31, 1966.

interest of said profits, to be distributed equally among those who remain. The last survivor of my children to have the disposition of such property by will, and in case no will is made, the property to go according to the laws of inheritance."

The testator's surviving children were Alice H. Martin, Margaret M. Hanna, Lulu H. Fairbanks, and Frank R. Hanna.

Upon the death of Alice H. Martin, the three remaining children entered into an agreement dated June 21, 1932, a copy of which is attached to this Memorandum as Appendix A. The Court is of the opinion that the legal efficacy of this agreement is the key to the present litigation.

As it ultimately turned out, Frank R. Hanna was the last survivor. Plaintiff herein is the administrator of his estate and has brought this suit to collect all of the assets remaining in the estate of Edwin P. Hanna. Plaintiff contends that the 1932 agreement is a nullity and that at the time of Frank R. Hanna's death, he was seised of the power of appointment found in his father's will and that he exercised that power by his will in favor of his wife. Defendants, on the other hand, maintain that the 1932 agreement was a binding compact between the three remaining children of Edwin P. Hanna and that according to the terms of that agreement, the estate of each child of Edwin P. Hanna is entitled to one-fourth of the assets remaining in the estate of Edwin P. Hanna. There are several other issues which have been raised in this case, but in view of the Court's ruling on the legal efficacy of the 1932 agreement, it is not necessary to consider them.

At the outset, the Court notes that Frank R. Hanna himself acknowledged the fact that he had entered into a binding agreement.[1] Nevertheless, plaintiff

Spencer M. Beresford, Washington, D. C., for plaintiff.

John Geyer Tausig, Washington, D. C., for defendants.

GASCH, District Judge.

This cause came on for hearing on cross motions for summary judgment. From the extensive pleadings and memoranda filed herein, it appears that the facts are as follows:

On or about July 3, 1909, Edwin P. Hanna died within the District of Columbia leaving a Last Will and Testament. After the creation of a trust which commanded the trustee to pay the rents and profits flowing from certain real properties to the testator's four children, the will provided:

"Upon the death of any of my children aforesaid, the rents, profits or

---

1. See defendants' Exhibit I, filed herein, wherein Frank R. Hanna, in a letter, lamented his signing of the agreement.

maintains that the 1932 agreement was void. The Court does not agree.

■ Plaintiff characterizes the instrument as a contract to appoint and since none of the parties possessed an exercisable power of appointment as of that time, the attempt to appoint was invalid.[2] The Court does not agree that the instrument was a contract to appoint, but even assuming that it were, the Court would have reservations about considering it a nullity simply on that basis. The policy which underlies the rule invalidating such attempted contracts to appoint is the determination to safeguard the donor's manifested desire to keep the donee's exercise of the power unjelled until his death.[3] In short, the policy stems from respect of the intention of the testator. What is the intention of the testator in the instant case? If we accept plaintiff's interpretation, the intention is that the ultimate recipient of the power should be determined by fate, totally unrelated to the conservation of judgment which one generally finds to be the intention behind most testamentary powers of appointment. Furthermore, the will of Edwin P. Hanna clearly demonstrates an intention generally to maintain equality with respect to his four children. While courts should not substitute logic for the intention of the testator, in this case, it appears that the power of appointment provision of the will is totally inconsistent with other portions of the will and in no way evinces an intention to conserve judgment in a particular testamentary donee. Although the Court need not decide the issue on this ground, it finds that the policy which underlies the invalidating of contracts to appoint testamentary powers is not applicable in the instant case.

■■ The Court construes the instrument of 1932 as a release. It is clear that all general powers of appointment, whether presently exercisable or testamentary, can be released.[4] The releasability of general powers of appointment has been upheld even when there was merely the possibility of acquiring such a power.[5] The Court finds that each of the three signatories to the 1932 agreement released their power of appointment and the Court further finds that the form of the release was, although unartful, proper.

■■ When a power of appointment is releasable, the Court should be liberal as to the form of the release.[6] A power can be released by a contract between the donee and someone who could be harmed by an appointment, such as a taker in default.[7] In the instant case, it is clear that the contract was between people who could potentially be adversely affected by the operation of the testamentary power. At the time of the agreement, one child had died.[8] The three survivors whereupon agreed that the testamentary power which could ultimately reside in one of them should no longer be of force and effect. The Court finds that it is significant that the disposition resulting from the agreement is in accordance with the wishes of the testator in the event the power should not be exercised.[9]

The Court finds that the 1932 agreement is valid as a release of the possible

---

2. See Mondell v. Thom, 79 U.S.App.D.C. 145, 143 F.2d 157 (1944).

3. III Powell, Real Property ¶ 395 (1952).

4. District of Columbia v. Lloyd, 82 U.S. App.D.C. 70, 160 F.2d 581 (1947); Restatement of Property § 334.

5. McLaughlin v. Industrial Trust Company, 28 Del.Ch. 275, 42 A.2d 12 (1945).

6. III Powell, supra.

7. Lyon v. Alexander, 304 Pa. 288, 156 A. 84, 76 A.L.R. 1427 (1931), cited with approval in District of Columbia v. Lloyd, supra.

8. Commendably, the contract provides for a sharing in the assets by the estate of the first child, which is represented in this action.

9. Edwin P. Hanna's will provided: "[I]n case no will is made, the property to go according to the laws of inheritance."

testamentary power which could have ultimately resided in one of the three signatories. The Court further finds that such a construction will not violate the intention of the testator. Finally, the Court finds that under the terms of this agreement the estate of each child is entitled to one-fourth of the assets of the estate of Edwin P. Hanna. Counsel will prepare an appropriate order.

APPENDIX A

FILED MAR 26 1965

WHEREAS, our father Edwin P. Hanna, by his last will and testament, among other things, provided in the second paragraph of said will "upon the death of any of my children aforesaid, the rents, profits, or interests of said profits, to be distributed equally among those who remain, the last survivor of my children to have the disposition of such property by will and in case no will is made, the property to go according to the laws of inheritance."

WHEREAS, our sister, Alcie B. Martin, has departed this life, leaving her surviving two daughters.

WHEREAS, it is our desire that the two daughters of our sister, Alcie B. Martin, shall stand in their mother's shoes in so far as the Estate of our father is concerned.

NOW, THEREFORE, we, the undersigned, being all of the living heirs at law of our deceased father, Edwin P. Hanna, in consideration of One Dollar ($1.00) and mutual covenants, do hereby voluntarily express our wish and expressly direct the American Security and Trust Company, Trustee, that upon the death of the one of us who shall be the last survivor, our father's Estate shall thereupon be divided into four equal parts as follows: one part to go to the heirs of Margaret M. Hanna; one part to go to the son of Frank R. Hanna, or his heirs; one part to be equally divided between the two daughters of Alcie B. Martin, and the fourth part to go to the son of Lulu B. Fairbanks, or his heirs.

IN WITNESS WHEREOF, we have hereunto affixed our names and seals this 21st day of June, A. D. 1932.

Witness:

Sallie F. Ross                    Margaret M Hanna

E. D. Morris                      Frank R Hanna
                                  Searcy Lara E. Hanna

W. S. Mcamill                     Lulu Hanna Fairbanks