In the Matter of PAUL B. PUGACH, Co-Committee of the Person and Property of BURTON N. PUGACH, an Incompetent Person, Petitioner. FRANCINE R. PUGACH (CONRAD), as Trustee, Appellant; HAROLD I. MEYERSON, as Guardian ad Litem, Respondent.— Order entered August 29, 1967, unanimously modified, on the law and the facts, to reduce the fee of the guardian ad litem to $750, payable in the first instance from any funds in the hands of petitioner committee, and only to the extent uncollectible from such funds from the respondent trust, and otherwise affirmed, without costs or disbursements to any party. In this application to vacate a trust indenture there was an infant beneficiary. There was no conflict of interest between the infant and her mother, the trustee of the trust. Under these circumstances it was not good practice to appoint a guardian ad litem for the infant on the presentation of the order to show cause. Appointment should have been deferred until it appeared that the infant failed to appear by her natural guardian or that there was a conflict of interest (CPLR 1201). However, there was jurisdiction to make the appointment (*Matter of Beyer*, 21 A D 2d 152) and no request to revoke the appointment was made. The power to appoint carries with it the power to compensate the guardian. The services performed were slight. The guardian merely reviewed and approved the defense interposed by the attorney for the truste. A fee in the amount indicated in the dispository clause amply compensates for such services. As the action was initiated by the committee and proved to be groundless, and as the appointment was at the committee's behest, the expense should be borne by the incompetent's estate (*Hines* v. *Hines*, 8 A D 2d 804). In the event that the estate will not be able to make the payment, the trust is chargeable (*Livingston* v. *Ward*, 248 N. Y. 193). Concur — Steuer, J. P., Tilzer, Rabin, McGivern and Bastow, JJ.