Samuel J. Silverman, J.
This is a motion by the guardian ad litem and counsel for Anna and Frank Werner (former infant defendants each of whom reached majority during the course of the action and at that time authorized their guardian ad litem to act as their counsel) for an order, pursuant to CPLR 1204 and CPLR 8303, allowing him compensation for his services payable out of the fund which in this action was declared to be the property of another party, Edith Fisch Werner.
*1065 This action was brought by the trustees of a trust established in 1919 by Abraham C. Werner for a declaratory judgment as to who is entitled to the. share of the trust fund in which Steven L. Werner, decedent, was the life beneficiary and over which he had a testamentary power of appointment. The dispute concerned the validity of Steven’s exercise of his power of appointment. By a separation agreement with his second wife Harriet, incorporated in a Mexican consent judgment of divorce, Steven agreed to exercise his power of appointment in favor of his children Anna and Frank; however, less than four months after entry of the divorce judgment, Steven executed a will in which he exercised his power of appointment in favor of his third wife, Edith. After Steven’s death, this action was brought, resulting in a determination by this court that Edith was entitled to receive Steven’s share of the trust fund.
The present motion is opposed primarily on the ground that the court is without power to allow the guardian ad litem of an unsuccessful party compensation out of the property which is the subject matter of the action.
1. Prior to the enactment of the CPLR, under rule 43 of the Rules of Civil Practice, the Supreme Court’s authority to allow the guardian ad litem compensation "out of the proceeds of any property which is the subject matter of the action” was express. (See, also, Civ. Prac. Act, §207 ["payable from the estate or fund”]; Livingston v Ward, 248 NY 193, 195.)
Although that specific provision of rule 43 has been omitted from CPLR 1204, this was apparently not intended to alter the former practice. (Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 1204.) To the contrary, CPLR 1204 continues rule 43’s broader provision for payment to the guardian "by any party to the action or proceeding”; CPLR 1204 authorizes the court to direct that the guardian’s compensation be paid "by any other party”; and, the discussion of this source for payment in CPLR 1204’s legislative history indicates an intention to continue the practice of payment to guardians by other than the guardian’s unsuccessful wards: "The first alternative recognizes that the final judgment and the services of the guardian may also be of value to the party directed to compensate the guardian as where the action involves title to real property in which infants have an alleged interest.” (Second Preliminary Report of the Advisory Com *1066 mittee on Practice and Procedure; N. Y. Legis. Doc., 1958, No. 13, pp 378-379.)
Accordingly, I hold that the court has power to award a guardian ad litem for an unsuccessful infant claimant to a fund compensation payable by another party; and in this case by the trustees of the trust payable out of the portion of the trust fund whose ownership was in dispute and has been resolved in this litigation.
2. Movant also bases his claim for compensation on CPLR 8303 (subd [a], par 4) which gives the court power to award counsel fees and expenses to any party, including an adult party "to an action which involves the construction of * * * an inter vivos trust instrument”. This is not such an action. The only inter vivos instrument here involved was the trust created by the settlor Abraham Werner. There was no question in this case as to the construction of that trust instrument or the intent of the settlor. (See Matter of Liberman, 6 NY2d 525, 530.) The only question in this case was as to the validity and enforceability of an unambiguous provision in a separation agreement. The case simply does not fall within the statutory definition of "an action which involves the construction of * * * an intervivos trust instrument”.
3. We come then to the question of the appropriateness in this case of granting compensation to the guardian ad litem for the unsuccessful infants to be payable by the trustees out of the share of the successful party.
I think it is appropriate to do so here. (See Livingston v Ward, 248 NY 193, supra.) This declaratory judgment action was brought by the trustees, not the infants. The infants were necessarily named as defendants; their presence was necessary to a determination of the dispute; and they had to be represented.
Even if Harriet, the infants’ mother, had acted for the infants in this action as their natural guardian without the appointment of a guardian ad litem, there would still have been a need for Harriet as guardian to have a lawyer, so the same legal fees would have been incurred.
The claim of the infants was a substantial and not inequitable claim which had to be pressed.
The need to have guardians appointed, and the need for this entire litigation, was indeed created by Steven, the holder of the testamentary power of appointment, when he entered into a separation agreement with his second wife Harriet contract *1067 ing to exercise the power of appointment in favor of the children, and then four months later exercised the power of appointment in favor of his third wife Edith. Obviously this situation was going to call for judicial resolution, the expense of which, at least as it relates to the guardian ad litem, was a necessary incident to the administration of the trust and the determination of whom the trustees should pay the principal to on Steven’s death.
It follows that this is a proper case to require the trustees to pay the necessary compensation for the guardian ad litem out of the share of the trust that is the subject of this litigation.
4. We go now to the question of the amount that should be awarded.
The attorney’s work was well done. He states that he and his office expended 236 hours of legal work which would normally be billed at $10,000. He requests $3,000 as his compensation as guardian ad litem.
These additional factors are present: the funds involved in this litigation had a market value of about $62,000 as of December 31, 1974. One of the infants reached majority on May 18, 1974; the other reached majority (by effective date of the statute reducing age of majority to 18) on September 1, 1974.
The action was begun by the trustees in July, 1973. The motion for summary judgment made by the guardian ad litem and by Harriet is dated August 1, 1974. It was submitted to the court on October 7,1974.
Inquiry of the guardian ad litem indicates that of the 236 hours, 108 hours were before May 18, 1974; 86 hours between that date and September 1, 1974; and the balance after September 1, 1974.
In all the circumstances, the guardian ad litem’s request for a $3,000 fee plus $76.97 disbursements appears reasonable and is allowed, payable by the trustees out of the fund in dispute.