■    SAMUEL B. SEIDEL et al., as Trustees under a Trust Agreement made by ABRAHAM L. WERNER, Respondents-Respondents, v EDITH F. WERNER, Individually and as Executrix of STEVEN L. WERNER, Deceased, Respondent-Appellant; HARRIET G. WERNER et al., Appellants-Respondents, and MARTIN A. STOLL, Respondent.—Judgment, Supreme Court, New York County, entered on April 29, 1975, affirmed on the opinion of Silverman, J., without costs and without disbursements. Concur—Murphy, J. P., Tilzer, Lane and Lynch, JJ.; Nunez, J., dissents in part in a memorandum as

follows: This action seeking judgment as to who is entitled to certain trust funds was instituted by the trustees of the fund. This trust fund was created by the grandfather of Anna and Frank Werner who, together with their mother, Harriet, claim an interest in the share of their father and former husband's interest in the principal of that fund. More particularly, Anna and Frank claim that the income from a trust to be established with a portion of the funds of their grandfather's trust was to be paid to their mother for their support, maintenance and education until they attain the age of 21, whereupon they were to receive the principal of said new trust. The children's father, Steven, was an income life beneficiary of their grandfather's trust and possessed a special testamentary power of appointment. Their grandfather provided that upon default in the exercise of the power, the principal should be distributed to the issue of his son, then surviving; otherwise stated, the principal was to be distributed to his then living grandchildren. Steven died with four children surviving him. Two of the four, attributable to a prior union, have been served but have not appeared. The question here posed is the validity of the exercise of the special testamentary power of appointment, notwithstanding that it is conceded that all the claimants are within the eligible class. The special testamentary power was exercised in favor of Edith Werner, the third and surviving spouse of the children's father, Steven. Anna, Frank and their mother Harriet assert that such a purported exercise of the special testamentary power was invalid for the reason that Steven, pursuant to an agreement of separation incorporated by reference in, but not merged with, a Mexican decree of divorce, promised to make, and not revoke, a will in which he would exercise his special testamentary power for the benefit of Anna and Frank. In affirming on Justice Silverman's opinion, my brethren are seemingly agreed that this promise by a father to provide for two of his children, recited in an agreement of separation settling the rights of his children to not only a share of his estate, but to the support to be received · by the children during their father's lifetime, is a promise to exercise a testamentary power of appointment not presently exercisable. And, therefore, pursuant to EPTL 10-5.3 (subd [a]) the promise is unenforceable. That attenuated conclusion should obtain only if mandated by the application of all relevant principles of law. For the reason that I think that conclusion is not so mandated, I dissent. Edith Werner, in whose favor the special power was exercised, was without the eligible class until such time as her marriage to Steven was solemnized. Accordingly, her right to take pursuant to the exercise of the power is, of necessity, dependent upon the validity of the very Mexican decree of divorce which approved the agreement of separation reciting the promise of Steven to exercise his power in favor of Anna and Frank. Of necessity, therefore, Edith must urge the validity of the Mexican decree. And she does. However, Edith also urges that the provision made for the children of her deceased husband in the agreement there approved is unenforceable. In my view, Edith may not assert that inconsistent position. Rather, Edith is estopped from claiming the benefit of the decree, namely that it enabled her to take under the special testamentary power, and at the same time relying upon the Estates, Powers and Trusts Law to shield her from that portion of the decree of which she disapproves. The learned Justice below, in an able opinion, held that "Whatever the judgment in this case, it would not impair the Mexican decree, which did not direct Steven to exercise his power of appointment * * * but merely 'approved' the separation agreement, i.e., as fair and reasonable." No explanation is offered as to why the approval of the Mexican court is accorded this construction.

Moreover, it is well established that a foreign decree of divorce, which approved an agreement of separation and made same a part thereof, estops a party to that agreement from attacking the agreement. The rationale is simply that the question of the validity of the agreement was determined by the foreign court, and therefore the estoppel of the judgment extends to any matter which might have been litigated. (See, e.g., *Fink v Goldblatt,* 18 AD2d 629, affd 13 NY2d 957; *Hoyt v Hoyt,* 265 App Div 223, mot for lv to app den 290 NY 931.) True, Edith was not a party to the Mexican decree of divorce. But nor, under the unique circumstances here present, was she a stranger. Any right that she presently asserts is premised upon the validity of the Mexican decree. Edith ought not be free to pick which portions of the decree she will abide by. Alternatively, I would hold that the promise to exercise the special testamentary power in favor of the two of the settlor's grandchildren, members of the class who would take in default of appointment, operates to that extent as a release of the power of appointment. It is expressly provided that "the ability of the donee of a power of appointment which is not presently exercisable to release his power pursuant to [EPTL] 10-9.2" is not abridged (EPTL 10-5.3, subd [b]). EPTL 10-9.2 (subd [a]) provides that any power of appointment other than a power which is imperative, is releasable. Subdivision (b) provides, *inter alia,* that the power may be released with respect to all or any part of the appointive property. Whether a promise to appoint to persons who would take in default of appointment should be deemed a release of the power of appointment is a question that has not been squarely presented to the appellate courts of this jurisdiction. The learned Justice below declined to answer the question for the reason that he found such a course inapplicable to the factual situation here presented. It is of little help to observe that the parties did not contemplate a release of the power, but rather contemplated its exercise in a certain manner, for that elliptical observation begs the question in issue. If the parties indeed intended a release, the statute would apply and there would be no need to decide whether a promise to exercise the power may be deemed a release. And that view, limiting the statute to its literal intendment, may not be criticized. However, I am of the opinion that the better construction is one that permits the promise to be deemed a release, if other requirements are satisfied. (See Restatement, Property, § 336, subd [3].) The comment on subdivision (3) states: "b. *Promise to appoint to a taker in default.* A promise by the donee to appoint a specified sum to a taker in default involves an undertaking by the donee not to make any appointment which will reduce the promisee's interest in default of appointment below the specified sum. To that extent it is an attempted release and, if the power is releasable and the promise is otherwise a contract, any later appointment which reduces the promisee's interest in default below the specified sum is ineffective." This construction enables the contracting parties to effectuate their expressed intention, and does not do violence to the intent of the donor since it limits the benefits of the operation of the rule to those who would take in default of appointment. (See, also, *Wood v American Sec. & Trust Co.,* 253 F Supp 592.) If the promise to appoint, expressed in the agreement of separation, is here deemed a release of the power, I am of the view that it is simple to fashion relief appropriate to the interests of Steven's children, the settlor's grandchildren.