OPINION OF THE COURT
Arthur D. Spatt, J.
Motion by guardian ad litem Thomas W. Stanisci, Esq., for an order, pursuant to CPLR 1204, authorizing an allowance of compensation to said guardian ad litem of Peter Cinque, is determined as set forth below.

Background and Contentions

By order to show cause signed October 15, 1982, petitioner Lydia E. Hall Hospital (herein referred to as the hospital) sought an order of this court authorizing the hospital to continue hemodialysis treatment of their patient Peter Cinque. This proceeding involved a determination by the court as to whether Peter Cinque, while mentally competent, evidenced an intent to discontinue dialysis treatment.
Unfortunately, shortly after the signing of the order to show cause initiating this proceeding and prior to the first hearing, Peter Cinque lapsed into a coma. This required two hearings at the hospital and also necessitated the appointment of Thomas W. Stanisci as guardian ad litem for Peter Cinque.
In response to this motion, the hospital indicated that it had no objection to the fixing of the fee of the guardian ad litem “on condition that the order directs the petitioner and the additional respondents to share the sum equally.”
*1025 The additional respondents are the mother, sister and a brother of decedent Peter Cinque. The additional respondents oppose this application insofar as it requests payment of a fee by them. The additional respondents’ counsel states that $125 per hour rather than the $150 per hour requested by the guardian would be appropriate. The main thrust of the opposition by the additional respondents is their contention that the sole responsibility for the payment of the guardian’s fee is by the petitioner hospital.

Determination

This application for compensation is governed by CPLR 1204 which reads, in part, as follows: “A court may allow a guardian ad litem a reasonable compensation for his services to be paid in whole or part by any other party or from any recovery had on behalf of the person whom such guardian represents or from such person’s other property.” (Emphasis supplied.)
A guardian whose services were beneficial and necessary to adverse parties is entitled to compensation. (Livingston v Ward, 248 NY 193.) The duly appointed guardian ad litem is entitled to fair and. reasonable compensation for his services. (Matter of O'Malley, 286 App Div 869.) Further, the compensation for the services of a guardian ad litem “must be fixed with due regard to the responsibility, time and attention required in the performance of their duties” (Matter of Becan, 26 AD2d 44, 48).
In this case, the sole issue presented to the court, in addition to determining the amount of compensation, is who should pay the guardian’s fee. In this regard, this court views as persuasive the argument of respondents’ counsel that this proceeding “was brought by the petitioner in order to protect itself and if the proceeding was what the petitioner felt was necessary then the petitioner should bear the cost of the guardian.”
Not only did the petitioner initiate this proceeding, but such action was contrary to the wishes of the respondents. The appointment of the guardian ad litem became necessary because of petitioner’s attempt to obtain court sanction of the request made by the decedent to terminate dialysis treatment.
*1026 There is authority for the payment of the guardian’s compensation by the party who instituted the proceeding which required such appointment. (See Hines v Hines, 8 AD2d 804; Seidel v Werner, 81 Misc 2d 1064, affd 50 AD2d 743.)
Accordingly, the court determines that fair and reasonable compensation for the guardian ad litem under the particular circumstances of this proceeding is the sum of $1,500, which sum is directed to be paid solely by the petitioner Lydia E. Hall Hospital within 20 days after service of a copy of this order on the attorney for the petitioner.