■ CESAR A. PERALES, as Commissioner of the New York

State Department of Social Services, et al., Appellants, v FRANK CUTTITA et al., Respondents, and PAUL FRIEDMAN et al., Intervenors-Respondents.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered December 16, 1985 in Sullivan County, which fixed the amount of fees of the guardian ad litem and directed plaintiffs to make payment.

Plaintiffs commenced this action to permanently enjoin the operation of three boarding homes on the premise that defendants were operating unlicensed adult care facilities in violation of Social Services Law §§ 460-b and 461-b. Special Term denied plaintiffs' motion for a preliminary injunction, granting instead defendants' motion for the appointment of a guardian ad litem for those residents of defendants' facilities not represented by counsel. Carl J. Goldstein was named as guardian ad litem. Plaintiffs' motion to renew and/or reargue its request for a preliminary injunction was denied. No appeal was taken from either order. Subsequently, the guardian ad litem moved for, and was granted over the opposition of both plaintiffs and defendants, an order awarding him $1,300 as fees for services rendered and directing plaintiffs to make payment. Plaintiffs have appealed.

The order should be affirmed. Plaintiffs' reliance upon the doctrine of sovereign immunity is misplaced. Having initiated this lawsuit in Supreme Court, plaintiffs cannot challenge the authority of the court to make any lawful order in the action. Contrary to plaintiffs' argument that there is no specific statutory provision authorizing payment of fees by the State to a guardian ad litem, CPLR 1204 provides that the compensation of a guardian ad litem may be fixed by order of the court to be paid by any other party. This direction to pay is not in the nature of a claim against the State which would invoke sovereign immunity. Moreover, having failed to appeal from the order appointing the guardian ad litem, plaintiffs may not on this appeal challenge the propriety of the appointment. Since the action was commenced by plaintiffs, and at this juncture the allegations of misconduct on defendants' part have yet to be conclusively established, we find that Special Term acted within its discretion in requiring plaintiffs to pay the guardian ad litem fee *(see, Hines v Hines,* 8 AD2d 804, 805; *Matter of Hall Hosp. [Cinque],* 117 Misc 2d 1024; *Seidel v Werner,* 81 Misc 2d 1064, *affd* 50 AD2d 743; *cf., Matter of Board of Educ. v Ambach,* 90 AD2d 227, 242, *affd* 60 NY2d 758, *cert denied* 465 US 1101).

Finally, we find adequate support in the record for the award.

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.