*956
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 The primary issue on this appeal is whether Supreme Court abused its discretion in awarding compensation to a guardian ad litem who was appointed,
 
 sua sponte,
 
 on behalf of the couple’s disabled adult child during the pendency of this matrimonial action, which included a dispute over the financial, medical and custodial arrangements for the child.
 

 Plaintiff commenced this action for divorce on the ground of constructive abandonment and for custody and support of the couple’s third child, who is now over 21 years old, suffers from congenital Down’s Syndrome with severe mental retardation, functions at the level of a 4 year old and is likely to remain institutionalized for the remainder of his life. Because the couple had entered into a postnuptial agreement, which provided, in essence, that each party would retain sole ownership of all real and personal property acquired by him or her and that each party relinquished all claims to real and personal property acquired by the other party, plaintiff made no request for equitable distribution. However, plaintiff sought apportionment of compensation for the services of the guardian ad litem appointed,
 
 sua sponte,
 
 on behalf of the couple’s disabled child. Defendant counterclaimed,
 
 inter alla,
 
 challenging the validity of the postnuptial agreement and contesting the appointment and fees of the guardian ad litem since there was an outstanding decree of the Surrogate’s Court appointing him and plaintiff guardians of their son’s person pursuant to article 17-A of the SCPA.
 

 Supreme Court rejected defendant’s challenges to the post-nuptial agreement, noted that plaintiff had paid initial guardian ad litem fees of $13,377.15, directed defendant to pay $11,163.37 in supplemental fees, and set the matter of the allocation of total guardian ad litem fees down for a hearing. The Appellate Division modified, on the facts, by reducing the supplemental fee of the guardian ad litem to $5,500, and, as so modified, affirmed, with one Justice dissenting (200 AD2d 457). The dissent would have vacated the guardian ad litem award, concluding that there was no legal basis for the appointment and that even after the reduction of the award, the guardian ad litem’s services remained "substantially overvalued”
 
 (see, id.).
 
 The Appellate Division then granted defendant’s motion
 
 *957
 
 for leave to appeal to this Court and certified the question, "Was the order of the Supreme Court, as modified by this Court, properly made?”
 

 Defendant contends that since there was no reason to appoint a guardian ad litem in this case, the guardian ad litem was not entitled to compensation for her services. The guardian ad litem maintains that her services were warranted and her fees were proper.
 

 Supreme Court noted that it appointed the guardian ad litem to protect the financial, medical and custodial needs of the couple’s disabled child during the pendency of this action. There is evidence in the record that the guardian ad litem,
 
 inter alla,
 
 reviewed the couple’s financial accounts, considered the effects of their contribution to child’s care on his public entitlement, extensively researched issues relating to custody and guardianship, interviewed several people, including instructors, who had regular contact with the child, made recommendations regarding his custody, and produced a report detailing her services in this case. We agree that the guardian ad litem contributed greatly to clarifying the issues and providing a framework for settlement. Thus, the court did not abuse its discretion in awarding compensation for the services to the guardian ad litem
 
 (see, Livingston v Ward,
 
 248 NY 193, 195).
 

 Defendant also argues that Supreme Court lacked subject matter jurisdiction over the custody dispute, that the court lacked the authority to appoint a guardian ad litem, that the guardian ad litem may not recover for the time spent preparing a report on her services in connection with her application for fees and that the court was not empowered to award parental support for an adult. The dissent at the Appellate Division states that defendant lodged jurisdictional objections to the trial court’s address of the custody issue, and that such objection was sufficient to preserve his objection to the ancillary issues of support and the appointment of the guardian ad litem. However, nothing in the record before us establishes that defendant raised the specific objections he now advances, and, thus, the claims were not preserved for our review.
 

 Finally, the courts below correctly concluded that defendant’s conclusory allegations that the postnuptial agreement was unconscionable and fraudulently induced were insufficient to defeat plaintiff’s motion for summary judgment
 
 (see, Zuckerman v City of New York,
 
 49 NY2d 557, 562).
 

 
 *958
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, etc.