OPINION OF THE COURT
Renee R. Roth, S.
In this proceeding for advice and direction brought by the *273 executors of the will of Isabel Henry Ault, the guardian ad litem for infant beneficiaries seeks additional compensation for services rendered in connection with the appeal taken from this court’s order entered March 11, 1993. The guardian further seeks to have such fee charged against the appellants (SCPA 405 [1] [c]).
The background of this application is briefly stated. This court, in 1993, granted the guardian’s motion for summary judgment determining that decedent’s former husband, Lee A. Ault, has a secondary life interest in certain valuable paintings held by Mrs. Ault at her death. It was further determined that Mr. Ault’s descendants, including his daughter, Dorothy Noble, and his infant great-grandchildren (the guardian’s wards), are contingent remaindermen, subject to Mr. Ault’s limited testamentary power to appoint such paintings to and among his descendents at his death.
Ms. Noble appealed from the determination that Mr. Ault’s power of appointment extends to all of his descendants, including the guardian’s wards. Mr. Ault cross-appealed from the determination that he does not own the paintings outright.
The guardian ad litem was authorized to represent his wards in connection with the appeal. The Appellate Division, First Department, unanimously affirmed this court’s order in its entirety (Matter of Ames, 207 AD2d 312).
Appellants oppose the guardian’s fee application on the ground that his services were unnecessary, either (1) because his wards’ contingent remainder interests are remote, or (2) because appellants could have adequately represented the infants’ interests on appeal. Although appellants have waived any such objection by virtue of their failure to oppose the guardian’s application to represent his wards on the appeal, their contentions nevertheless have no merit. It is clear that the wards are necessary parties whose interests required representation by a guardian ad litem (SCPA 401; see, Livingston v Ward, 248 NY 193) since no party to the appeal had interests fully aligned with theirs.
Where, as here, a duly appointed guardian ad litem has successfully and competently represented his wards’ interests, he is entitled by law to fair and reasonable compensation for his services (SCPA 405 [1]; see, Haynes v Haynes, 200 AD2d 457, affd 83 NY2d 954; Matter of O’Malley, 286 App Div 869). With respect to the source of payment, the guardian ad litem requests that his fee be charged against appellants.
*274 Unlike the practice in other civil courts governed by CPLR 1204 which permits the compensation of a guardian ad litem to be charged, in whole or in part, against any party to the litigation, the governing law in the Surrogate’s Court (SCPA 405) until recently provided that such fee was payable only from estate assets. But in 1993, SCPA 405 was amended (L 1993, ch 514, § 8, eff Jan. 1, 1994) to provide:
"1. For services rendered a guardian ad litem shall receive reasonable compensation to be allowed by the court payable from any or all of the following, in such proportion as directed by the court:
"(a) the estate,
"(b) the interest of the person under disability, or
"(c) for good cause shown, any other party” (emphasis added).
The legislative history of this amendment indicates that it was intended to conform the practice under SCPA 405 with the practice under CPLR 1204 (see, Second Report of EPTL-SCPA Legislative Advisory Comm, at 12, reprinted in 1993 McKinney’s Session Laws of NY, at 2333). Since the amendment was specifically designed to bring uniformity to the civil courts, the Surrogate’s Court, in interpreting such new statute, should follow the precedents in the decisions construing CPLR 1204. Those cases hold that a party may be charged with payment of the compensation of a guardian ad litem only where the actions of such party generated unnecessary, unfounded or purely self-serving litigation that resulted in the appointment of a guardian (Matter of Board of Educ. v Ambach, 90 AD2d 227, affd 60 NY2d 758, cert denied 465 US 1101; Perales v Cuttita, 127 AD2d 960; Matter of Hall Hosp. [Cinque], 117 Misc 2d 1024).
Applying such rationale, it is concluded that there was no improper action on the part of the appellants in pursuing their right to appeal and consequently no good cause to charge them with the fee of the guardian ad litem.
Accordingly, based upon the services rendered and taking into account all the relevant factors (Matter of Freeman, 34 NY2d 1; Matter of Slade, 99 AD2d 668; Matter of Potts, 123 Misc 346, affd 213 App Div 59, affd 241 NY 593), the guardian’s fee is fixed in the amount requested, payable from estate assets.