■ SHELDON BENATOVICH, Respondent, v NANISCAH BENATOVICH KOESSLER, Respondent. MICHAEL G. O'ROURKE, Appellant. [647 NYS2d 880] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: By virtue of an order entered May 5, 1992 upon the parties' stipulation, the Law Guardian was ap-

pointed to represent the interests of the parties' child and the parties agreed to pay him for his services. That appointment terminated with the entry of a subsequent order on October 22, 1993. Supreme Court denied the Law Guardian's application for compensation for services rendered from January 1, 1993 through April 5, 1994 on the ground that the application was not timely made. Because his appointment terminated on October 22, 1993, the Law Guardian is not entitled to compensation for services rendered after that date (*see, Matter of Wood v Cordello*, 91 AD2d 1178). The Law Guardian is, however, entitled to fair and reasonable compensation for the period he was appointed to represent the child's interests (*see, Haynes v Haynes*, 83 NY2d 954, 957; *Matter of Infant X. v Children's Hosp.*, 197 AD2d 884; *Matter of Ault*, 164 Misc 2d 272, 273). The fee application was made well within the applicable Statute of Limitations (*see, Martin v Camp*, 219 NY 170, *rearg denied* 219 NY 627, 221 NY 631) and the Law Guardian should not be deemed to have forfeited his right to compensation because he failed to comply with the time limit set forth in the court's informal request for his final fee application. Thus, we conclude that the Law Guardian is entitled to reasonable compensation for services performed from January 1, 1993 through October 22, 1993, and we remit the matter for a determination, before a different Justice, of the amount of that compensation. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Attorney's Fees.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.