OPINION OF THE COURT
Louis B. York, J.
*552 This is a proceeding by petitioner New York Hospital, pursuant to article 81 of the Mental Hygiene Law, for the appointment of a guardian for the person and property of Robert Lyles (Lyles), an alleged incapacitated person (AIP). In an order dated November 13, 1995, this court appointed Robert Geltzer (Geltzer) as special guardian. Geltzer now seeks an order dismissing him and establishing his compensation. New York Hospital opposes Geltzer’s request to the extent that the request seeks to have his compensation be paid by New York Hospital. No reported case has decided whether or not the court may require the petitioner to compensate the guardian where the assets of the incapacitated person are insufficient to do so.
Lyles was a patient at New York Hospital when Geltzer was appointed guardian on November 13, 1995. Geltzer visited several nursing homes before finally moving Lyles to the Amsterdam Nursing Home in New York City where Lyles now resides. It is undisputed that Lyles has no assets and that Geltzer has not yet received any compensation for his services as guardian. New York Hospital contends that Geltzer was aware that Lyles had no assets at the time of Geltzer’s acceptance of his appointment as guardian.
The issue at hand is whether a petitioner in a guardianship proceeding may be compelled to compensate the guardian when the AIP has insufficient assets. It is customary for a guardian to be compensated with funds from the AIP’s assets. However, cases arise, such as the one at hand, in which the AIP has insufficient assets from which the guardian may be compensated.
Section 81.28 (a) of the Mental Hygiene Law provides for compensation of guardians. It states that "The court shall establish, and may from time to time modify, a plan for the reasonable compensation of the guardian. The plan for compensation of the guardian may be similar to the compensation of a trustee pursuant to section two thousand three hundred nine of the surrogate’s court procedure act; however, the plan must take into account the specific authority of the guardian to provide for the personal needs and/or property management for the incapacitated person.” New York Hospital argues that it is inappropriate to compel a petitioner to pay the guardian’s compensation because the statute does not specifically provide for such a remedy. This court disagrees.
The statute does not specify which parties to the proceeding may be liable for paying the guardian’s compensation. Instead, it simply instructs the court to formulate and implement a *553 plan for the guardian’s compensation. There is nothing in the statute which prohibits the court from requiring the petitioner to bear the cost of compensating the guardian.
The parties have not pointed to any cases which have addressed this issue squarely and the court’s research has not unearthed any such cases. However, it has recently been held that a petitioner may be forced to bear the cost of compensating the guardian when the order appointing the guardian is reversed on appeal. (See, Matter of Crump, 230 AD2d 850 [2d Dept 1996].) In Crump, the Second Department reversed the order appointing a guardian and stated that the petitioner, who had sought the guardian’s appointment, had to pay the guardian’s compensation under Mental Hygiene Law § 81.28. This case illustrates the power of the court to fashion an appropriate remedy of compensation of a court-appointed participant in an appropriate situation.
It has been held that petitioners may be required to pay a guardian’s compensation in cases involving the appointment of a guardian ad litem. (See, CPLR 1204; Perales v Cuttita, 127 AD2d 960 [3d Dept 1987]; Matter of Lydia E. Hall Hosp. [Cinque], 117 Misc 2d 1024.) There is no reason to allow guardians ad litem to be compensated by petitioners in plenary actions and to disallow such relief in article 81 proceedings.
In the case at hand, the court believes that New York Hospital must bear the burden of compensating Geltzer because it was New York Hospital that petitioned for the appointment of a guardian and it appears that Geltzer will otherwise not receive compensation since Lyles has no assets. Future cases of this type will require a careful analysis of the abilities of both the incapacitated person and the petitioner to compensate the guardian.