Matter of Child A. (Parent M.) (2018 NY Slip Op 05839)





Matter of Child A. (Parent M.)


2018 NY Slip Op 05839


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-00745

[*1]In the Matter of Child A. (Anonymous). Parent M. (Anonymous), et al., appellants; Spence-Chapin Services to Families & Children, et al., respondents; Peter Kelly, nonparty-respondent. (Proceeding No. 1)
In the Matter of Child C. (Anonymous). Parent M. (Anonymous), et al., appellants; Spence-Chapin Services to Families & Children, et al., respondents; Peter Kelly, nonparty-respondent. (Proceeding No. 2)
(File Nos. 46725/14, 46726/14) Timothy J. Horgan, Garden City, NY, for appellants.


Yekaterina Trambitskaya, New York, NY for respondent Spence-Chapin Services to Families & Children.
Magovern & Sclafani, Mineola, NY (Frederick Magovern of counsel), for respondent Cradle of Hope Adoption Center, Inc.
Harris Beach PLLC, Uniondale, NY (William J. Garry and Fred Westphal of counsel), for respondent Cayuga County Department of Social Services.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Peter K. Kelly pro se of counsel and Jennifer F. Hillman of counsel), for nonparty-respondent.



DECISION & ORDER
In related proceedings to "deny recognition" of an order of adoption pursuant to Domestic Relations Law § 111-c or, in the alternative, to vacate the order of adoption pursuant to Domestic Relations Law § 114(3), the petitioners appeal from an order of the Surrogate's Court, Nassau County (Edward W. McCarty III, S.), dated November 30, 2015. The order awarded the guardian ad litem an interim attorney's fee in the sum of $100,000 for all services rendered through August 5, 2015, payable by the petitioners.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the guardian ad litem an interim attorney's fee in the sum of $100,000 for all services rendered through August 5, 2015, and substituting therefor a provision awarding the guardian ad litem an interim attorney's fee in the sum of $53,000 for all services rendered through August 5, 2015; as so modified, the order is affirmed, without costs or disbursements.
The petitioners were the adoptive parents of two Russian-born children (hereinafter together the children), pursuant to an order of adoption entered in 2008 by a Russian court (hereinafter the adoption order). In June 2014, the petitioners commenced these proceedings seeking an order "denying recognition" of the adoption order, pursuant to Domestic Relations Law § 111-c, or, in the alternative, vacating the adoption order, pursuant to Domestic Relations Law § 114(3) on the grounds of fraud and newly discovered evidence. In July 2014, the Surrogate's Court appointed a guardian ad litem for the children (hereinafter the GAL).
In August 2015, the GAL moved, inter alia, for an award of an interim attorney's fee, to be paid by the petitioners. In his affidavit, the GAL stated that, based on his standard hourly rate of $450, the value of all services rendered through August 5, 2015, was $102,555. The petitioners opposed that branch of the GAL's motion which was for an award of an interim attorney's fee, arguing that public funds should be used to pay the GAL's fee or, in the alternative, that payment of the GAL's fee should be apportioned among the parties. The petitioners further argued, among other things, that the hourly rate charged by the GAL was excessive and that the amount sought by the GAL was not reasonable. By order dated November 30, 2015, the Surrogate's Court awarded the GAL an interim attorney's fee in the sum of $100,000 for all services rendered through August 5, 2015, payable by the petitioners. The petitioners appeal.
Contrary to the petitioners' contention, the Surrogate's Court providently exercised its discretion in declining to apportion payment of the GAL's fee among the parties (see Perales v Cuttita, 127 AD2d 960, 961; Hines v Hines, 8 AD2d 804, 805; Matter of Lydia E. Hall Hosp.[Cinque], 117 Misc 2d 1024, 1025-1026 [Sup Ct, Special Term, Nassau County]). Moreover, we reject the petitioners' contention that payment of the GAL's fee should be made using public funds pursuant to Judiciary Law § 35(7) (see Pascazi v Pascazi, 65 AD3d 1202, 1203; Matter of Plovnick v Klinger, 10 AD3d 84, 89).
However, the Surrogate's Court improvidently exercised its discretion in awarding the GAL an interim attorney's fee in the sum of $100,000 for all services rendered through August 5, 2015. "A duly appointed guardian ad litem is entitled to fair and reasonable compensation for [her or] his services" (Haynes v Haynes, 200 AD2d 457, 458, affd 83 NY2d 954, 957). "The relevant factors are the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved" (Matter of Morris, 57 AD3d 674, 675; see Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1036; Matter of McNeil, 75 AD3d 555, 556). Applying these factors herein and upon consideration of all the circumstances, an award to the GAL of an interim attorney's fee in the sum of $53,000 for all services rendered through August 5, 2015, is appropriate, to be payable by the petitioners.
The petitioners' remaining contentions are without merit.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court